J. D. BURNETT ET AL., APPELLANTS, *v.* DOUGLAS COUNTY, RESPONDENT.

WRIT OF REVIEW.—The office of the writ of review is to review the record and proceedings of inferior Courts, officers or tribunals acting in a judicial capacity, and in no other.

IDEM—WHAT PROCEEDINGS MAY BE REVIEWED.—It is not the office of the writ to bring up the proceedings of any other bodies or classes of public officers.

IDEM—WHEN GRANTING WRIT, A MATTER OF DISCRETION.—When the proceeding sought to be reviewed involves a matter of public interest the allowance of the writ is discretionary.

APPEAL from Douglas County.

This is an appeal from a judgment and order of the Cir-

cuit Court for Douglas County, refusing a writ of review and for costs and disbursements.

The appellants presented to the Court, at the October term, 1873, an application for a writ to review certain proceedings had in the County Court of said county, sitting for the transaction of county business.

The petition sets forth that the petitioners are resident freeholders and taxpayers of said county, and that they signed a remonstrance against making the order sought to be reviewed. That at the March term, 1873, the County Court made an order appropriating fifteen thousand dollars for the construction of a certain road in said county. That at the May term, 1873, said Court made an order providing that the warrants issued pursuant to said first order should be marked "special appropriation." That at the September term, 1873, an order was made rescinding the order made at the May term, and providing that the warrants should be redeemed in the usual way, and taken and received in payment of taxes.

This order is fully set out in the opinion of the Court.

*W. W. Thayer, John Burnett and J. D. Fay*, for Appellants.

*F. A. Chenoweth, District Attorney, W. R. Willis, and Watson & Lane*, for Respondent.

By the Court, McARTHUR, J.:

Under the Constitution of this State, the Circuit Courts may exercise supervisory control over all inferior tribunals, and, in exerting this power, may resort to the writ of review, which, under the Code, is a special proceeding and sustains the same relation to our system of civil procedure that the writ of *certiorari* sustains to the common law practice. The object of the writ is to enable the superior Courts to review the judicial proceedings of the inferior, with a view to keep even and uniform the administration of justice. The petition, to accord with the statute, must show that the inferior Court, officer or tribunal, in the exercise of judicial functions, made some erroneous decision in

relation to some process·issued, or some proceeding enter-tained. It is not the office of the writ to bring up the pro-ceedings of any other bodies, or classes of public officers. Courts are instituted to decide judicial questions, and supe-rior Courts review the record and proceedings of inferior Courts, or of officers or tribunals acting in a judicial capacity, and in no other. (*People* v. *Supervisors*, 43 Barb. 234.)

In the earlier reports of New York we find numerous cases wherein the writ was allowed and retained in cases not strictly judicial, as, for instance, *Lawton* v. *Commis-sioners*, 2 Caines, 182; *Le Roy* v. *Mayor of New York*, 20 Johns. 436. And, upon the authority of these cases, the writ was granted with great looseness to review most kinds of official acts, without regard to whether they were judi-cial or ministerial. But this looseness was checked and the law correctly stated and applied in *People* v. *Mayor of New York* (2 Hill, 10), wherein Bronson, J., said that a writ of *certiorari* lies only to inferior Courts, and officers who exer-cise judicial powers. And, *In the Matter of Mount Morris Square* (2 Hill, 14), Cowan, J., said the writ lies to inferior Courts only; basing his opinion on Bacon's Abridg., title *Certiorari*, 13, and *Rex* v. *Lloyd* (Cald. Cases, 309), in which case the writ was quashed, for the reason that the order sought to be reviewed was not judicial. Cowan, J., in the case cited from 2 Hill, alludes to the cases in which the Courts clearly, and without authority, departed from the principles of law applicable to *certiorari*, and after denying their authority, lays down the law to be, "that the proper office of the writ is to review simply judicial decisions or determinations." The modern decisions, with rare excep-tions, proceed upon the same theory. (*People* v. *Board of Health*, 33 Barb. 346; *People* v. *Supervisors*, 43 Barb. 232.) In Ohio the same rule prevails. (*Dixon* v. *Cincinnati*, 14 Ohio, 240.) Also in Georgia, where it was held—in *Justices* v. *Hunt* (29 Geo. 155)—that when the inferior Court acted in a prudential capacity for the county, the writ would not lie.

The inquiry necessary in the case now before us is into

the character of the order made at the September term, 1873, of the County Court of Douglas County, sitting for the transaction of county business. The order is couched in the following language: "The Court, at its May term, 1873, having made an order directing the County Clerk to indorse on all warrants issued for the construction of a certain wagon-road from the north line of Wilbur Precinct, in Douglas County, to a point five miles south of Roseburg, the words 'Special Appropriation,' for which the Court appropriated fifteen thousand dollars out of the county funds of Douglas County, for which a special tax was contemplated to be levied. It now appearing to the Court that the levy of a special tax, as contemplated by said order, is unnecessary, it is therefore ordered that there be but one levy of taxes for county purposes for the redemption of outstanding orders, and it is further considered that the county warrants indorsed 'Special Appropriation,' which have been issued, or which may be hereafter issued for the construction of said road, shall be redeemed in the same manner as other county warrants issued by the Court, and shall be received for taxes due the county as other orders are received."

In the argument counsel for appellants expressly disclaim any desire to attack the general orders relating to the assessment and levy of taxes, but simply desire to test the legality of the order just set out, which was subsequent to and distinct from the orders made in the matter of fixing the rate and levy of taxes for the year 1873.

The order above set forth was a general one, and only pointed out the means by which and the manner in which certain county warrants should be redeemed. It was not of a judicial character or nature, but was rather in the nature of an instruction or order to the proper officers, commanding them to receive and cancel a certain class of warrants in the same manner in which the general warrants are received and cancelled. In order to determine the character of the order, it is only necessary to ascertain whether, when it was made, there were any proper parties before the Court, for in all judicial proceedings there must be proper parties

who must be, in some way, particularly affected by the judgment, order or determination. An examination of the record shows that there were no parties, in the legal acceptation of the word, before the County Court at the time the order was made. Besides, it was a general order, affecting the citizens of the county generally, and was not a particular order. That is to say, in its operation it did not and cannot affect any particular person or class of persons, but operated and will continue to operate in a very general manner upon the entire body of the taxpayers of the county. In all cases where the proceeding sought to be reviewed involves a matter of public interest affecting a great number of persons, the allowance of the writ is in the sound discretion of the Court, and if refused, the refusal is not subject to review or appeal. (*People* v. *Supervisors*, 15 Wend. 197; *Matter of Mount Morris Square*, 2 Hill, 16; *People* v. *Stillwell*, 19 N. Y. 531; *Truesdale's Appeal*, 58 Penn. 150.)

It follows that the decision of the Court below should be affirmed.