Points decided.

## THE CANYONVILLE AND GALESVILLE ROAD COMPANY, APPELLANT, *v.* COUNTY OF DOUGLAS, RESPONDENT.

COUNTY COURT—JURISDICTION OF.—The County Court has not jurisdiction to try questions of title, or rights arising out of the exercise of eminent domain.

IDEM—MAY BE QUESTIONED ON WRIT OF REVIEW.—The jurisdiction and regularity of proceedings in the County Court, in the matter of laying out a road, may be called in question by a writ of review.

JURISDICTION—CANNOT BE QUESTIONED, WHEN.—If jurisdiction is once fully obtained, objection to its exercise cannot be heard.·

*Per McArthur, J., concurring:*

PARTIES TO PROCEEDINGS ON LAYING OUT ROADS.—The petitioners and remonstrators are the parties to the proceeding in laying out county roads, and are the only persons who can question the jurisdiction of the County Court in such proceedings.

WRIT OF REVIEW DOES NOT BRING UP THE EVIDENCE.—The writ of review brings up only the record, not the evidence.

REVIEW ONLY LIES WHEN THE PARTY IS PRECLUDED BY THE ORDER SOUGHT TO BE REVIEWED.—The test of the right to the writ is whether the party seeking is concluded by the determination or judgment of the inferior tribunal.

EQUITY CAN ALONE PROTECT ROAD COMPANY.—A court of equity alone can fully protect the franchise of an incorporated road company.

*Per Burnett, J., dissenting:*

PROCEEDINGS OF COUNTY COURT IN LAYING OUT ROADS MAY BE QUESTIONED BY ANY PERSON INJURED BY SUCH PROCEEDINGS.—To entitle a party to attack the jurisdiction of a County Court in laying out a county road, it is not necessary that he should be a petitioner or remonstrator. Any person directly injured by the location of a county road has a sufficient standing in court to attack the jurisdiction of the court in the proceeding, and is entitled to a writ of review.

DESCRIPTION OF TERMINI OF ROAD—WHAT INSUFFICIENT.—A petition which describes the termination of a proposed road as "the summit of the Cow Creek Hill, the same being the southern line of Douglas County," is not sufficiently definite.

APPEAL from Douglas County.

The facts are stated in the opinion of the Court.

*C. W. Fitch, District Attorney; J. F. Gazley and W. W. Thayer*, for Respondent.

*Watson & Lane and W. R. Willis*, for Appellant.

By the Court, PRIM, J.:

This is an appeal from a judgment dismissing a writ of review, and affirming the action of the County Court of Douglas County, in the matter of laying out and locating a county road. It appears, from the return on said writ, that on December 4, 1873, at the December term of said County Court, a petition was presented, praying for the location of a county road "from a point five miles south of the south line of the city of Roseburg, from a stake on the northeast corner of school lot, in school district No. 5, in said county, * * * to the summit of Cow Creek Hill, the same being the southern line of Douglas County."

Upon the filing of the petition, viewers and a surveyor were appointed to locate and survey the said road, and they proceeded to view and locate the same, for a portion of the distance, upon the line and route surveyed and adopted by the Canyonville and Galesville Road Company, as its road. This company was a private corporation, organized for the purpose of locating and constructing a toll-road through the canyon, in the southern part of Douglas County. At the January term, 1874, of said County Court, the report of the viewers, together with the surveyor's return of the survey, were received. The road company then appeared, by its attorneys, and opposed the location and establishment of so much of the said county road as occupies the line and route selected and adopted by said company for its toll-road. At the March term, 1874, these objections were overruled, and it was ordered that the said county road be established and opened according to the report and the survey. The notice of appeal contains a great many assignments of error, but the only points upon which appellant appears to rely are: First. That the Circuit Court erred in holding that the County Court could locate a county road upon the line or route already appropriated by appellant for its toll-road, there being no provision made by law for compensation for taking this species of property. Second. That the petition was insufficient to give the County Court

jurisdiction to locate and lay out the road, because it does not sufficiently specify the termini.

It was insisted by counsel for the appellant that when the objections were filed in the County Court, that tribunal should have entertained them and passed upon the questions raised.   In cases of this character the remedy is not confined to one tribunal.   Much depends upon the particular remedy sought.   The County Court has power in the first instance to lay out roads, but must make all the proceedings conform to the statute.   In some cases by review, and in others by appeal, the Circuit Court may annul the proceedings in the County Court, or may correct an assessment of damages or the like.   The County Court, however, has not jurisdiction to try questions of title, or rights arising out of the exercise of eminent domain.   These matters must be tested in a tribunal invested with fuller powers, having wider jurisdiction, one in which can be administered full relief, either by injunction or otherwise.   This company had a right to seek in the County Court, and also by this writ of review from the Circuit Court, such remedy as the County Court could grant.   It could call in question the jurisdiction of, or the regularity of, the proceedings in the County Court, by remonstrating and reviewing all matters going to the jurisdiction in the Circuit Court.   It could not, however, by remonstrating, block the exercise of jurisdiction on the part of the County Court, for if jurisdiction is once fully obtained, objection to its exercise cannot be heard.

The objection urged to the jurisdiction might be heard, if well taken, but in this case it is not well taken.   The statute requires that "all applications for laying out or locating county roads shall be by petition,   *   *   *   which shall specify the place of beginning, the intermediate points and the place of termination of said road."   The petition herein prays for the location of a county road "from a point five miles south of the south line of the city of Roseburg, from a stake on the northeast corner of school lot in school district No. 5 in said county,   *   *   *   to the summit of Cow Creek Hill, the same being the southern

line of Douglas County." Thus it will be seen that it specifies the place of beginning, the intermediate points (which are also mentioned in the petition), and the place of termination of the proposed road.· It is not within the rule in *Johns* v. *Marion County* (4 Or. 46), and is sufficient. The court went to the extreme verge of the law in that case, and we are not inclined to go farther.

The judgment herein should be affirmed.

Mr. Justice Shattuck concurred.

Mr. Chief Justice Bonham dissented.

McArthur, J., concurring:

I am of opinion that the judgment of the court below should be affirmed; but not, however, for the reasons expressed in the foregoing opinion. The only persons who can, in my judgment, question the jurisdiction of the County Court in the matter of laying out a county road are the petitioners and the remonstrators. They are parties to the proceeding, and a writ of review, which is governed by the same rules as the writ of certiorari—the name only being changed—can only be issued on the petition of one who is a party in the legal sense of the term. (*Burnett* v. *Douglas County*, 4 Or. 388.)

The remonstrance, as well as the petition, must conform to the statute. Merely filing an objection, even though based upon affidavits, does not make one a party. As this writ only brings up the record of the inferior tribunal, and as the affidavits are in the nature of evidence, I do not see how the court below could, or this Court can, go behind the record and review the facts. (*Schirott* v. *Phillippi*, 3 Or. 484.) As I view the law the appellant was an intruder in the County Court and had no right to appear as a party to the proceeding before it. (*People* v. *Overseers*, 44 Barb. 467; *Colden* v. *Botts*, 12 Wend. 234.) The best test as to the right to a writ of review, laid down in the authorities, is whether the one seeking it is a party in form or substance to the proceeding sought to be reviewed so as to be con-

cluded by the determination therein. (*Starkweather* v. *Seeley*, 45 Barb. 164.) I am utterly unable to conceive of any order the County Court could have made, in the matter of laying out the county road complained of, which would or could have concluded the appellant. Besides, the writ should not be allowed where the party has any other plain, speedy and adequate remedy.

A court of equity is the only tribunal which can fully protect the franchises of the appellant and afford an adequate remedy against any person injuriously interfering therewith.

Burnett, J., dissenting:

The judgment of the court below should be reversed for the reasons: 1. That the plaintiffs in the writ had a sufficient standing in the County Court as a party to the proceeding in laying out the county road, referred to in the petition for the writ of review, tó attack the jurisdiction of the court. It is true they are a corporation claiming the route over which the county road was located as a toll-road, and have tendered an issue, upon the fact of their incorporation and the location of their toll-road over the route in question prior to the time the county road was viewed, that could not perhaps be tried in the County Court, but their allegation that the county road was laid out over their road, and is a direct injury to them, must be taken as true until denied, and places them in the same position as that of an individual alleging that a' county road had been laid out over his land, and that the court had exceeded its jurisdiction in laying out the road. It is contended by counsel for respondent that in order to be a "party to a proceeding" for laying out a county road the individual must have signed either the petition or remonstrance, but I do not think this is a correct rule. Any party directly injured by the laying out of a county road' has a sufficient standing in court to attack the jurisdiction of the court in the proceeding, and is entitled to a writ of review. (5 Harrington, Del. Rep. 153; see also 5 Sneed, Tenn. 575.)

2. That the termination of the road as described in the

petition is not sufficiently definite under the law as laid down by this Court in the case of *John A. Johns* v. *Marion County.* In that case the last course and point of termination are described by the words, "thence *southerly* to intersect the county road *near* the foot of the Nevil Hill, near the south line of John A. Johns's land claim."

In the case at bar the termination is described as "the summit of the Cow Creek Hill, the same being the southern line of Douglas County." If the description had stopped without adding "the same being the southern line of Douglas County," I think it would have been sufficiently definite; for, however impractical it might be to run to the summit of a hill, still that would be fixing a definite point; but to run to the southern line of Douglas County is entirely too indefinite to apprise any one of the *place* of termination or serve any purpose as a guide or direction to the viewers appointed by the County Court to view out the road.