[Filed January 28, 1889.]

MARTHA WOODRUFF ET AL., APPELLANTS, *v.* THE COUNTY OF DOUGLAS, RESPONDENT.

APPEAL — NOTICE OF SPECIFICATION OF ERRORS TO BE RELIED UPON IN. — In an appeal from a judgment of the circuit court to the supreme court, rendered upon a writ of review issued out of the former court, the appellant is required to specify in his notice of appeal the grounds of error with reasonable certainty upon which he intends to rely upon the appeal; but his failure to do so will not preclude the supreme court from examining the transcript and reversing the judgment if it should find that the circuit court had no jurisdiction to render it.

ID. — JURISDICTION TO HEAR. — Specifying the grounds of error in such a case is not essential to give jurisdiction to hear the appeal, but is required in order to inform the adverse party as to the points he will be expected to controvert in the appellate court.

COUNTY COURT — JURISDICTION OF IN ESTABLISHING PUBLIC ROAD. — In order to confer upon a county court jurisdiction to lay out a county road, application by petition must be made to the court, signed by at least

twelve householders of the county where the road is laid out, which peti-
tion shall specify the place of beginning, the intermediate points, if any,
and the place of its termination so definitely and certainly that a person ·
of ordinary intelligence need not mistake their location.

COUNTY ROAD — TERMINAL POINT — DESCRIPTION OF. — Where in an appli-
cation to a county court to lay out a county road, the terminal point was
described in the petition as the point of intersection of the last course
with the present C. V. and R. C. road, between the residence of C. L. P.
and O. B: *held*, that it did not answer the requirements of the statute
in that particular, and consequently did not vest the county court with
jurisdiction to lay out and establish the proposed road.

JURISDICTION OF CIRCUIT COURT — WRIT OF REVIEW. — *Held, also*, that the
circuit court, upon a writ of review to review the proceedings in laying
out and locating the said road under the said application and petition, had
no jurisdiction to adjudge that said writ should be dismissed and said
proceedings should be in all things affirmed.

APPEAL from the Circuit Court for the county of Doug-
las.

*J. C. Fullerton*, for Appellant.

*J. W. Hamilton* and *W. R. Willis*, for Respondent.

THAYER, C. J. — This appeal is from a judgment of said
circuit court affirming proceedings had in the county
court for said county in locating a county road.

The appellants claimed that the said county court had
no jurisdiction of the said proceedings, and sought to
have them annulled by the said circuit court by a writ of
review duly issued and returned to the latter court; but
that court found that the writ should be dismissed, and
the said proceedings should be in all things affirmed,
from which decision this appeal was taken.

The appellant is met at the threshold of this court by
an objection that his notice of appeal is insufficient to
confer jurisdiction upon the court to try any alleged
errors in the trial of the case in the said circuit court.
Respondent claims that the notice of appeal should have
specified the grounds of · error with reasonable certainty

upon which the appellant intended to rely on the appeal.

The Civil Code, section 591, provides that an appeal from the judgment of the circuit court on review may be taken to the supreme court in like manner and with like effect as from a judgment of such circuit court in an action; and section 537 of the Civil Code requires that the appellant shall cause a notice to be served on the adverse party, and file the original, with proof of service indorsed thereon, with the clerk where the judgment is entered, and that such notice, in case the judgment be one rendered in an action at law, shall specify the grounds of error with reasonable certainty upon which the appellant intends to rely upon the appeal.

These two provisions, taken together, would probably require that the notice of appeal to the supreme court from a judgment on the circuit court on review should specify the grounds of error upon which the appellant intended to rely on the appeal, although there is much less reason for requiring it in such a case than in an appeal from a judgment in an action, as the petition for the writ of review is required to set forth the errors alleged to have been committed, and the appeal to the supreme court from the judgment rendered on review is really nothing more than a new trial of the questions determined in the circuit court. The object in requiring the notice of appeal to specify the grounds of error upon which the appellant intends to rely on the appeal evidently was for the purpose of informing the adverse party as to the points which he would be required to controvert in the appellate court. But what grounds of error an appellant can specify in a notice of appeal from a judgment on review more than that the judgment is erroneous I am unable to comprehend. I cannot see that he can specify anything as error further than that the court had decided wrong. The

alleged errors set forth in the petition for the writ are the only matters which this court can ordinarily consider; and there would certainly be no necessity of pointing them out, as they are already a part of the record. All that can possibly be required in such a case is a specification of what was known in the assignment of errors upon a writ of error as common error in law, as distinguished from special error.

The common errors were, that the declarations were insufficient in law to maintain the action, or that the judgment was rendered for the plaintiff instead of the defendant, or *vice versa.*   (2 Tidd's Practice, 1169.)

But whether it is essential to specify any error whatever in order to authorize this court to examine the transcript, and to determine as to the judgment being erroneous, is very questionable. That a notice of appeal which fails to specify the ground of error relied upon is a nullity, I am very much inclined to doubt.  Such might be the result if no error whatever, except those actually specified in the notice of appeal, could be considered in this court; but its rulings have been otherwise. It has repeatedly held that where the error goes to the jurisdiction of the court, and it appears from the face of the record, the court is bound to take judicial notice of it, although not specified, or any mention made of it in the argument; that if the want of jurisdiction appeared to the judge before whom the proceeding was had, at any stage, he would, of his own notion, have dismissed the cause, and this court on appeal stands in the same position.  (*State of Oregon* v. *McKinnon,* 8 Or. 487.)

The same rule has been maintained where the complaint does not state facts sufficient to constitute a cause of action or suit. (*McKay* v. *Freeman,* 6 Or. 453.)

If this court is not precluded from considering every ground of error which the notice of appeal from a judg-

ment of the circuit court in an action at law fails to specify as such, then I infer that such specification is not essential to confer jurisdiction upon it to hear the appeal.

No one can consistently, it seems to me, contend that the court would have the right to consider a question of jurisdiction or the sufficiency of the complaint because the appellant specified in his notice of appeal some other ground of error, when it would not have it if such ground of error were not specified.

To hold that the court has jurisdiction to consider the grounds of error referred to, although not specified in the notice of appeal, but has it because the notice of appeal specifies some other grounds of error, however untenable such other ground may be, would be adhering too strongly to a nicety.

There is nothing in the language of the code that I can discover which requires a specification of the grounds of error in the notice of appeal as a condition upon which the appeal is taken, although it is mandatory in its character. Such a specification is somewhat analogous to the assignment of errors upon a writ of error.

The two modes of proceeding are very different in most respects, yet some traces of the former procedure remain; and as the legislature adopted the code in order to make a change in the former practice, we should consider them both in construing the later system.

The issuance and service of the writ of error, and the giving to the adverse party notice of its test, return, and the court in which it was returnable, and the certifying of the proceedings to the appellate court, invested that court with complete jurisdiction over the case. Errors were then assigned by the plaintiff, and a rule entered that the defendant join in error. It was, however, a distinct proceeding, and took place when the record had been certified to the court out of which the writ issued; while under the

code it is combined with the notice of appeal, which occupies the place of the writ.

Under the former procedure, judgment of *non prosequitur*, or *non pros.*, as it was usually termed, might be entered against the plaintiff in the writ if he failed to assign errors within the time limited by the rule for assigning them; and under the code, the appeal doubtless may be dismissed if the appellant fails to specify the grounds of error in the notice; and I cannot understand how the jurisdiction of the appellate court depends any more upon the fact that the notice of appeal specifies the grounds of error under the present practice than the jurisdiction of the court which issued the writ of error depended upon the fact of the plaintiff's assigning error under the former practice. The dismissal of an appeal by the appellate court for the cause mentioned is not upon the grounds that the court has no jurisdiction of the appeal, but for the reason that the appellant failed to inform the adverse party as to the grounds of error upon which he intended to rely upon the appeal, as the code requires him to do. But it does not follow that because the court may dismiss the appeal in such case, it will do so when the record discloses an inherent infirmity in the judgment or other determination appealed from.

In *Crandall* v. *State*, 10 Conn. 370, 371, Williams, J., in commenting upon a similar practice, says: "The rule admits of a construction which will effectuate its objects, and yet not cripple the court. The plaintiff shall not be heard to allege any cause he has not assigned. This will be a sufficient inducement for him to point out every cause on which he relies. At the same time, if the court should see or believe that some other defect existed, the rule would not prevent them from calling on the defendant in error to remove the objections which had occurred

to them, nor the court from deciding upon the objection if it could not be obviated."

If the respondent in this case had filed a motion to dismiss the appeal upon the grounds referred to, and the appellant had suggested that the circuit court had no jurisdiction to render the judgment appealed from, it would have been the duty of the court, it seems to me, to look into the record, and ascertain whether such were the facts or not. The respondent could have had no well-founded objection to such a course being pursued. The judgment appealed from was here for revision, and the respondent not having had notice that the appellant would rely upon such ground of error availed nothing. It is the duty of the party in whose favor an adjudication has been made to be prepared to defend it whenever its validity is assailed for want of jurisdiction.

The case has been argued and submitted upon its merits, and I think it is the duty of this court to examine it with a view of ascertaining whether the circuit court had jurisdiction to render the judgment appealed from.

The effect of the judgment was to affirm the proceedings of the said county court in locating the county road referred to. The code provides that the court, upon the review, shall have power to affirm, modify, reverse, or annul the decision or determination reviewed. (Code, sec. 591.) Hence the said judgment must have been given under one of these powers, and it necessarily was the exercise of the first one, as its terms are not applicable to either of the others.

Whether, therefore, the circuit court had jurisdiction or not to affirm the said proceedings depends upon the county court having had jurisdiction to locate the said road; for if the county court acted without jurisdiction in the matter, then the circuit court had no power to affirm its acts.

The circuit court, having power to review the proceedings of the county court, did not authorize the former to approve them to any greater extent than the latter had authority to enact them originally.   It is said that the court has jurisdiction to decide wrong as well as right, but no court has power to deprive a person of his property unlawfully, nor to sanction an attempt of that character.   The appellant's counsel claims that the said county court acted without jurisdiction in locating the road and ordering it opened, for several reasons; the main one of which is, that the petition for the location of the road did not specify its beginning, its intermediate points, nor its place of termination.

The petition prays for the laying out and locating of a county road, commencing at the terminus of the present county road at a certain point, running thence westerly to a point near to and south of the house of N. T. Day, thence southwesterly to a point on the Umpqua River, above the Emmett or Day ford, thence up said river to Emery's Ferry, thence across said river, thence up said river as near as practicable thereto through the donation claim of S. D. Evans, and thence up said river to the said donation claim of Jonathan Woodruff, thence westerly on the right-hand side of the orchard on the said premises, thence in a southwesterly course to a point a few rods west of the quarter-section post between sections 13 and 24, township 26 south, range 7 west, thence southwest to the present county road leading from Cole's Valley to Looking Glass, thence southerly on said county road to a small branch just south of the McKinney house, thence running southeast over the present traveled gateway road over the premises of George W. Alderson to the lower side of the county poor-farm, where the present gateway road strikes the fence of said poor-farm, thence southerly up said fence, leaving the orchard to the left

XVII. OR.—21

under the bluff, and to the premises of Mr. Archambeau, about one hundred yards from said river, thence southwest above said Archambeau's barn, westerly to the premises of Joseph Champagne, on the most practicable route, and through the premises of the said Champagne, leaving his house to the left, and intersecting the present Cole's Valley and Roseburg County road at a point between the residence of Charles La Point and O'Brien.

The statute provides that all applications for laying out, altering, or locating county roads shall be by petition, etc., which petition shall specify "the place of beginning, the intermediate points, if any, and the place of termination of the road." These are essential matters in the initiation of such a proceeding. The beginning, the intermediate points, and place of termination of the proposed road must be certain, otherwise the county court will not acquire jurisdiction to lay out or locate it.

In *Johns* v. *Marion County*, 4 Or. 46, this court held that a petition for the alteration of a road which did not describe the terminal points with certainty was insufficient to give the county court jurisdiction, and that view has been adhered to ever since. In that case the last course and terminal point were described as "thence southerly, to intersect the county road near the foot of the Nevil Hill, near the south line of John A. John's land claim," and the court held it insufficient.

In the present case, the last course and terminal point are described as follows: "Thence southwest above said Archambeau's barn, westerly to the premises of Joseph Champagne, on the most practicable route, and through the premises of the said Champagne, leaving his house to the left, and intersecting the present Cole's Valley and Roseburg County road at a point between the residence of Charles La Point and O'Brien."

It requires no argument to prove that this description

wholly fails to designate the particular point of termina-
tion of the proposed road. It is intended to end some-
where on the Cole's Valley and Roseburg County road
between the two residences mentioned, but at what precise
place is unknown. Such a description does not answer
the requirements of the statute. A county road cannot
be laid out unless the petitioners have in mind the dis-
tinct points referred to, and so designate them in their
petition that a person of ordinary intelligence need not
mistake their location. A variance of a few feet in any
of the points required by the statute to be certain would
be likely to create serious objections to the location of the
road; but however that might be, the statute has pre-
scribed the terms and conditions upon which private
property can be subjected to a public easement or servi-
tude, and it must be strictly followed, otherwise the pro-
ceedings will be a nullity.

The appellant's counsel contends also that the proceed-
ings of the county court in attempting to locate the said
road were irregular in several respects, but under the view
taken of the petition, it will not be necessary to consider
the irregularities claimed. The petition is clearly de-
fective in the particulars mentioned, and the county court
obtained no jurisdiction of the matter.

Counsel for the respondent insists, however, that as the
appellants filed in the county court their claim for dam-
ages for the location of the road through their premises,
as provided by statute, and appealed from the assessment
of damages determined by the viewers to the said circuit
court, it estopped them from contesting the validity of the
road,—that it operated as a dedication of the premises as
a public highway.

The same point was presented in *Johns* v. *Marion
County*, 4 Or. 46. The court there said: "The question is
raised whether the appellant, who filed a claim upon which

·damages were awarded in his favor by the county court, can ·object to the jurisdiction. If he received and accepted the award, the proposition would be of more force. His disability to make the objection must be either because it would be inequitable to permit him to allege the truth, or because by his action in the county court jurisdiction was acquired. It will not be claimed that he is estopped, he not having accepted the award, and personal appearance in a case of this kind does not confer jurisdiction."

I think that holding was entirely correct. The proceeding to have the damages assessed is distinct from that of review; and unless the party accepted and received damages on account of the opening of the road, he should not be estopped from questioning the jurisdiction of the county court to establish it; at least the mere pendency of the appeal in such case will not bar or abate the remedy by writ of review. That condition of things existed in *Thompson* v. *Multnomah County*, 2 Or. 34, but neither the court nor the counsel deemed it of sufficient importance to notice it in the argument or decision.

I am of the opinion for the reasons herein expressed that the judgment of the circuit court appealed from should be reversed, and that the proceedings of the said county court had in regard to the laying out and opening of the said road should be annulled.

LORD, J., concurred, and STRAHAN, J., expressed no opinion.