[Filed April 6, 1891.]

## STATE OF OREGON *v.* E. B. MYERS ET AL.

JURISDICTION—COUNTY ROADS.—The county court, in exercising its jurisdiction in laying out and establishing a public highway, is a court of special and limited jurisdiction, and the necessary jurisdictional facts must appear.

PRESUMPTION OF REGULARITY.—It is only when such courts have acquired jurisdiction, that the same intendments obtain in favor of the regularity of their proceedings as prevail in courts of general jurisdiction.

OBSTRUCTING HIGHWAY.—Where a party was convicted of obstructing a public highway, and the record of its laying out and establishment by the county court was insufficient to show the necessary jurisdictional facts; *held*, that the judgment of conviction must be reversed.

Jackson county: L. R. WEBSTER, Judge.

Defendants appeal. Reversed.

LORD, J.—The defendants were indicted, tried and convicted for obstructing a public highway. The cause was tried by the court without the intervention of a jury upon the express consent by stipulation of the defendants, and no objection is urged or error assigned on that account. The facts stipulated admit that the defendants did cut the tree alleged in the indictment, and that thereby it became an obstruction to the alleged highway; that the defendant Myers is the owner of the land covered by one-half of the width of said highway at the point where said obstruction was placed, and also the land upon which said tree was growing at the time it was felled. In the progress of the trial, to prove the public highway alleged, the state offered in evidence the record of the county court for the location and establishment of said highway, for obstructing which the defendants were indicted. To the introduction of this record as evidence the defendants objected for various reasons, namely, there was no sufficient proof of posting notices; that the petition was insufficient, and likewise the description of the proposed highway; that no plat of the same was filed, as required by law, nor any order of the county court declaring the alleged highway to be a county road, etc.; but the court overruled the objections, and received the record in evidence. As this record involves the only question necessary to be considered, it is sufficient to say that the court found among other things that the county court, on the day specified, had ordered the alleged public highway opened to travel, and that the same was and is a regularly laid out and duly established public highway of said county, and that the defendants obstructed said highway as set forth in the indictment, and, as a conclusion of law from these facts, that the defendants were guilty as charged, and sen-

tenced them to pay a fine.   From this statement it will be seen that the defense relied upon is, that the road set forth in the indictment is not a lawfully established public highway, mainly because the county court never acquired jurisdiction to make it one, and for the further reason that there never has been any order of the county court declaring it a public highway.

The question to be determined is, whether the record of the county court discloses the necessary jurisdictional facts to show that the road alleged to have been obstructed was a legally established public highway.   In this state the county court in exercising its jurisdiction in laying out and establishing a public highway is to be regarded as a court of special and limited jurisdiction, and that the necessary jurisdictional facts must affirmatively appear.   In *State* v. *Officer*, 4 Or. 182, where the defendant was convicted on an indictment charging him with having obstructed a public highway, the question raised, like the one at the bar, was whether the record of the county court disclosed the necessary jurisdictional facts to entitle it to be read in evidence to prove that the road charged to have been obstructed was a legally established public highway, and as the question to be determined involved a collateral attack upon the jurisdiction of the county court, it was deemed necessary to consider the character of such court from a constitutional standpoint, and the result reached was that such court, so far as it exercises judicial power, as a board of county commissioners, in laying out and establishing public highways, was a court of special and limited jurisdiction, and the record offered in evidence being insufficient to show the necessary jurisdictional facts, the judgment of conviction was reversed.   In *Bewley* v. *Graves*, 17 Or. 282, STRAHAN, J., said:  "It is settled by a line of uniform decisions in this state that the county courts, when they exercise the power of laying out roads, are courts of limited and inferior jurisdiction."  (*Thompson* v. *Multnomah Co.* 2 Or. 34; *Johns* v. *Marion Co.* 4 Or. 46; *C. & G. Road* v. *Douglas Co.* 5 Or. 280.)   It is only

when such courts have acquired jurisdiction, or jurisdiction has attached, that the same intendments obtain in favor of the regularity of their proceedings as prevail in courts of general jurisdiction. The case before us is that of an adjacent owner of land prosecuted for obstructing a highway, objecting to record evidence material to establish the charge against him, not on the ground of irregularity merely, in the proceedings to establish the alleged highway, but because such record discloses affirmatively on its face that the court was without authority to exercise its jurisdiction in the premises to lay out and establish such highway. The existence of a road as a highway is to be proven by the record of its establishment (*Naylor* v. *Beeks,* 1 Or. 217); and "the court has no power over the subject until a petition of the prescribed character and proof of notice is presented, and it is necessary that the record should show affirmatively that jurisdiction has been thus acquired or the proceeding cannot be sustained." It thus appears that the jurisdiction of the county court in laying out or locating a county road rests upon the petition and the proof of posting notices, and when these fall short of the requirements prescribed by the statute, the court does not acquire jurisdiction, and the proceeding fails for the want of it. That the record of the proceedings offered in evidence, and especially as to the proof of posting notices, failed to disclose the necessary jurisdictional facts to show that the road charged to have been obstructed was a legally established public highway, was not gainsaid or questioned, but the contention of the prosecution was that under the peculiar form in which the action was tried the findings of fact were conclusive upon the court and not subject to be reviewed, and consequently beyond the reach of the objection urged. But this is not so. The bill of exceptions discloses that the objection was made when the record of the court was offered in evidence, and the court overruled it, necessarily holding that it exhibited the necessary jurisdictional facts; and as we are satisfied within the rulings of this court that the record discloses a want of juris-

diction and is insufficient for the purposes of proof offered, it ought to have been rejected, and cannot be made to sustain the finding that the road alleged to have been obstructed was a legally laid out and established public highway. Where a finding is excepted to as being without any evidence to support it, and that fact is made to appear by the bill of exceptions containing all the evidence upon that point, such finding will be disregarded. This was expressly ruled in *Hicklin* v. *McClear*, 18 Or. 138, THAYER, C. J., saying: "If the findings of the circuit court are wholly unsupported by the evidence, and that fact is made to appear by a bill of exceptions purporting to contain all the evidence upon the point, this court would disregard the findings." It is where there is some evidence having a tendency to support the finding as shown by the bill of exceptions that the finding is to be regarded as conclusive and not subject to review. Although this phase of the case was argued to sustain the finding and conviction, it is clear that it could not avail, for the reason that the bill of exceptions discloses the evidence upon that point, which shows the finding is wholly unsupported by the evidence. But the objection to the record as evidence here, was taken to its admission for the purposes offered precisely as if the case had been pending before a jury, as is so certified to us, and as this objection is fatal and ought to have been sustained the case properly ended there, and with it the contention now urged for the state, which has likewise been shown to be without merit.

In whatever view, therefore, the case may be considered by this record, the judgment must be reversed.