[Filed April 26, 1892.]

## J. W. LATIMER v. TILLAMOOK COUNTY.

COUNTY ROADS—JURISDICTION—RECITALS IN RECORD.—On a petition to vacate a county road, where the journal entry of the county court recited facts showing legal notice of the intended application, "and that these facts were made to appear satisfactorily to the court," jurisdiction will be presumed to have been acquired, though the affidavit of posting notices was ambiguous in its statement of facts.

IDEM—REPORT OF VIEWERS—REMONSTRANCE.—Under Hill's Code, § 4065, which provides for locating and altering public roads, and directs that, after receiving the report of the viewers, the court shall "cause the same to be publicly read on two different days" before acting on the report, the right to remonstrate continues until after the report is read a second time.

Tillamook county: R. P. BOISE, Judge.

Defendant appeals.   Affirmed.

This controversy arises out of an application to vacate a certain county road in Tillamook county.   The petition among other things states in effect that the petitioners are householders in said county and state, and reside in the vicinity of the road proposed to be vacated.   Said petition contained about two hundred names.   The notice is in proper form, and has appended to it the same names that appear on the petition.   The proof of notice is as follows: "I, L. G. Freeman, being duly sworn, say that on the sixth

day of December, 1890, that being more than thirty days preceding the time for the sitting of county court aforesaid, for the transaction of county business, at its regular meeting in January, 1891, I posted four notices, exact copies of the one hereto attached; and all of such notices contained the names of the persons signing the petition herein, and were signed by the petitioners; and the names and signatures are genuine, and in the handwriting of the persons purporting to sign the same. Three of said notices were posted in public places in the vicinity of the said road sought to be vacated, to wit, one each at the terminus of said road, and one posted in full view of the public on the bridge on the Wilson river, commonly known as the Freeman bridge; and one of such notices was by me, on the date herein stated, posted by me on the bulletin board at the court-house, or the place of holding county court in said county and state. All of which notices were placed in plain view of the public, and were written in plain handwriting." This affidavit was properly verified. On the eighth day of January, 1891, the county court of Tillamook county made an order appointing viewers, after reciting in the record the necessary jurisdictional matters. On the fourth day of March, 1891, a remonstrance signed by a large number of persons was presented, remonstrating against the proposed vacation. The remonstrance also contains the same recital as to the qualifications as is contained in the petition relative to the qualifications of the petitioners. Numerous objections were filed to the petitioners as well as to the remonstrators, pending which the matter was continued to the sixth day of April, 1891. On said sixth day of April, 1891, another remonstrance was filed by twenty-one other persons, who recite that they are householders and reside in the vicinity of the road proposed to be vacated. At the same time, counsel, in behalf of the petitioners, moved that said last named remonstrance be not received, for the reason it was not filed in time, which

motion was allowed by the court, and the report of the viewers having been filed recommending that the road be vacated as prayed. The journal in substance recites, that it appearing to the court that there is not a greater number of names on said remonstrance than petitioners on the petition, which petitioners are legal signers of said petition, as by law provided, it was ordered that the report of the viewers be recorded and the road be vacated, the court having found that there were two more names on the petition than on the remonstrance.

Thereafter, on the eleventh day of August, 1891, the circuit judge allowed a writ of review to issue to remove said record into the circuit court of Tillamook county. After the return of said writ, and on the twenty-fifth day of August, 1891, said circuit court reversed the order and proceedings of the county court of Tillamook county in the matter of the vacation of said road, and rendered a judgment against said county for costs, from which judgment this appeal was taken.

*George C. Bingham*, district attorney, for Appellant.

*T. B. Handley*, for Respondent.

STRAHAN, C. J.—The questions made on this appeal which we deem material will be separately noticed.

The first is as to the sufficiency of the proof of notice. The affidavit recites that three of said notices were posted in public places in the vicinity of said road sought to be vacated, to wit, one each at the terminus of said road, and one posted in full view of the public on the bridge on the Wilson river, commonly known as the Freeman bridge, and one notice on the bulletin board at the court house, or the place of holding court in said county and state. It was suggested that this proof tended to show that the two notices were posted at the terminus, but we think this is hypercritical. The expression in the affidavit is not free from criticism; but properly understood, we think it may

be construed that a notice was posted at each terminus of
the road. In addition to this, the journal entry in the
county court recites that proof of posting notices was made
showing that one notice was posted at the court house and
one each at the termini of said road proposed to be vacated,
and one on the Freeman bridge across Wilson river, all of
which notices were in public places in the vicinity of said
proposed road, and that these facts were made to appear
satisfactorily to the court. We can have no doubt that the
proofs on file with the findings in the journal sufficiently
show that the county court acquired jurisdiction. (*Daugh-
erty* v. *Brown*, 91 Mo. 26; *Supervisors* v. *The People*, 12 Brad.
210; *Forsythe* v. *Kreuter*, 100 Ind. 27.)

The main fact relied on by the respondent in support of
the ruling of the circuit court in reversing the action of
the county court, was the rejection of the remonstrance
filed April 6, 1891. This remonstrance contained twenty-
one names, and the same was stricken from the files on
motion of counsel for the petitioners for the reason that it
was filed too late to be considered. Section 4065, Hill's
Code, defines very fully the duty of the viewers and sur-
veyor, as well as the county court, when the report is filed.
By the latter part of the section, it is made the duty of the
court, on receiving the report of the viewers aforesaid, to
cause the same to be publicly read on two different days of
the same meeting, and if no remonstrance with a greater
number of remonstrators than there are names on the peti-
tion, (the names on the remonstrance to be confined to the
vicinity of the proposed road,) or petition for damages be
filed, * * * the court shall issue an order directing
the road to be opened.

The report of the viewers was read the first time March
4, 1891, and the second time on the sixth of April, which
was an adjourned term of the county court. Conceding
without deciding that this meeting in April was the same
meeting at which the report of the viewers was read the

first time, which may be well doubted, the right to remonstrate continued and existed until after said report was read the second time, and was not lost at the time the second remonstrance was filed. The county court ought to have read the report a second time at its meeting in March before proceeding to consider the remonstrance then filed. Instead of following the plain requirements of the statute, however, it proceeded to receive objections to the qualifications of the petitioners and remonstrators, respectively, and was proceeding to consider the same without having read the report a second time. This necessarily put the petitioners at great disadvantage in the contest. The remonstrators knew the strength of the petition, and they knew their own strength on the remonstrance, and the oversight of the court gave them the opportunity to utilize whatever additional strength they might have in reserve, which they proceeded to do by bringing in another remonstrance. We think the right to remonstrate continued until after the second reading of the report; and though in this particular instance it may have operated as a hardship and a surprise to the petitioners, still they might have avoided it by calling for the second reading of the report in March if the court continued in session two days, which was its plain duty to have done.

There being no error in the judgment appealed from, the same must be affirmed.