Decided at PENDLETON, July 20, 1895.

## CAMERON *v.* WASCO COUNTY.

[41 Pac. 160.]

1. SPECIFICATION OF ERRORS IN NOTICE OF APPEAL— ROAD PROCEEDINGS— JURISDICTION.—A notice of appeal from the judgment of a circuit court reviewing proceedings for the location of a road need not specify the alleged errors of the circuit court, where the question of want of jurisdiction of the county court is involved and is apparent from an inspection of the notice: *Woodruff* v. *County of Douglas,* 17 Or. 314, cited and approved.

2. JURISDICTION OF COUNTY COURT TO OPEN ROADS AND HIGHWAYS— CODE, § 4063.— The county court does not acquire jurisdiction to make an order declaring a proposed road a public highway where the affidavit of the posting of notices merely states that they were posted in three specified places near the proposed road and also at the place of holding the county court, but does not state that such places were " public" places as required by Hill's Code, § 4063.

APPEAL from Wasco: W. L. BRADSHAW, Judge.

This is an appeal by James Cameron from the judgment of the circuit court upon review of the proceedings of the County Court of Wasco County in the location and

establishment of a county road therein.    It appears from the record that the circuit court sustained the action of the county court and dismissed the writ of review.    The transcript having been filed in this court, the respondents move to dismiss the appeal for the following reasons: *First*, that the notice of appeal does not specify the errors upon which the appellant relies; *second*, that the notice does not describe any judgment or decision with sufficient certainty to give this court jurisdiction; and, *third*, that there is a misdescription of the judgment,— consisting of a variance between the description of the judgment given in the notice and that shown in the transcript.    The notice, so far as material here, omitting title, is as follows: "You and each of you will please take notice that the above named plaintiff, James Cameron, hereby appeals to the Supreme Court of the State of Oregon from all that certain decision and judgment made and rendered in the above entitled cause by Hon. W. L. BRADSHAW, judge of the above named court, at chambers at Dalles City, Wasco County, Oregon, on the twenty-sixth day of January, eighteen hundred and ninety-five, and entered of record on pages 96 and 97 of journal J of the records of said court, and to which record you are hereby referred as the decision and judgment hereby appealed from.    Appellant will in this appeal rely upon each and all of the errors committed by the County Court of Wasco County as appears by the files and records of said court in the matter of laying out or attempting to lay out the county road or pretended county road mentioned and described in the decision and judgment hereby appealed from; and the said county court erroneously exercised its judicial functions and exceeded its jurisdiction in the matter of laying out, or attempting to lay out and establish, said county road, or pretended county road, and in the following particulars" (here fol-

low five alleged errors of the county court, after which the notice proceeds): "And said circuit court, acting by and through its judge, said Hon. W. L. BRADSHAW, erred in deciding and adjudging that said county court committed no errors in the matter of its proceedings relating to its attempted location and establishment of said proposed county road, and in affirming all said acts, or any of said acts, of said county court relating thereto, and in deciding said pretended road a public highway, and in dismissing the writ of review issued upon plaintiff's petition, for the reason that said county court acted without jurisdiction in the matter mentioned in plaintiff's petition and appearing in the return of said writ."    REVERSED.

For appellant there was a brief by *Messrs. Dufur and Menefee,* and an oral argument by *Mr. A. J. Dufur.*

For respondent there was a brief by *Messrs. A. A. Jayne,* district attorney, and *William H. Wilson,* and an oral argument by *Mr. Wilson.*

Opinion by MR. JUSTICE MOORE.

1.    The statute provides that an appeal may be taken from a judgment of the circuit court on review in like manner and with like effect as from a judgment rendered in said court in an action at law (Hill's Code, § 591); that is, the notice of appeal in such cases must specify with reasonable certainty the grounds of error upon which the appellant intends to rely upon the appeal, (Hill's Code, § 537,) and the notice in this case not having specified any grounds of error with reasonable certainty, the respondent contends that this court should not examine the record on appeal, while the appellant insists that on an appeal from a judgment of the circuit court on a review involving a question of the jurisdiction of the

county court no specification of the alleged errors is necessary in order to give this court jurisdiction of the appeal.   THAYER, C. J., in *Woodruff* v. *County of Douglas,* 17 Or. 314, (21 Pac. 49,) in commenting upon a motion to dismiss an appeal for the same reason as here assigned, said: "The dismissal of an appeal by the appellate court for the cause mentioned is not upon the ground that the court has no jurisdiction of the appeal, but for the reason that the appellant failed to inform the adverse party as to the grounds of error upon which he intended to rely upon the appeal, as the Code requires him to do. But it does not follow that because the court may dismiss the appeal in such case it will do so when the record discloses an inherent infirmity in the judgment or other determination appealed from."   In the matter of laying out and establishing roads county courts are of inferior and limited jurisdiction: *Thompson* v. *Multnomah County,* 2 Or. 34; *Johns* v. *Marion County,* 4 Or. 46; *State* v. *Officer,* 4 Or. 180; *Canyonville Road Company* v. *Douglas County,* 5 Or. 284; but when the record of their proceedings shows that jurisdiction has been obtained of the subject matter and of the parties interested in locating and establishing a county road, the same intendments obtain in favor of the regularity of their proceedings as prevail in courts of general jurisdiction: *State* v. *Myers,* 20 Or. 442 (26 Pac. 307); *Bewley* v. *Graves,* 17 Or. 274 (20 Pac. 322).   It would seem from these decisions that upon an appeal from the judgment of a circuit court on review of proceedings for the location of a road, when the question of a want of jurisdiction of the county court is involved, the notice of appeal need not specify the alleged errors of the circuit court; but that when it appears that jurisdiction had been acquired by the county court of the subject matter and persons of the interested parties, and any intermediate orders of the county court were reviewed by the circuit

27 OR.—41

court, a statement of the alleged errors is necessary in
the notice of appeal. The jurisdiction of the circuit
court to affirm the proceedings of the county court de-
pends upon the question of jurisdiction of the latter
court; for if the county court assumed to act without
jurisdiction in the matter of laying out a county road,
the circuit court is powerless to affirm its acts: *Woodruff*
v. *Douglas County,* 17 Or. 314 (21 Pac. 49). And the notice
ef appeal in the case at bar having challenged the juris-
diction of the county court, and this fact being apparent
from an inspection thereof, it follows that this court ac-
quires jurisdiction of the cause upon the record without
any assignment of errors.

The notice refers to the judgment as having been re-
corded at certain pages of the journal of the circuit
court. In *Neppach* v. *Jordan,* 13 Or. 246, (10 Pac. 341,) the
court, in discussing the sufficiency of the description of a
judgment in a notice of appeal, said: ''That is certain
which can be made certain by reference to some paper
in the case of which the court can take judicial notice.''
But, conceding that the description of the judgment must
appear upon the face of the notice of appeal, (*Luse* v.
*Luse,* 9 Or. 149,) it is manifest that the concluding part of
the notice in question intelligibly refers to the action and
sufficiently shows that the circuit court affirmed the acts
of county court, and dismissed the writ of review. It is
contended that the notice shows the appeal to have been
taken from the decision of the judge, and not from a
judgment of the circuit court. But the concluding part
of the notice conclusively shows that it is the judgment
of the circuit court of which the appellant complain,
and hence it follows that the motion to dismiss the ap-
peal must be denied.

2. The record also shows that the proof of the post-
ing of the notices was made by the following affidavit:

"State of Oregon, County of Wasco, *ss.*   I, G. Segui, being first duly sworn on oath, say that I posted four notices (a copy of which is hereunto annexed) of the proposed road in the following places, to wit: One at the beginning of proposed road, viz., seven and ten hundredths chains south, etc.; one at about midway on route of said road at a point nine chains east, etc.; one at the terminus of said road, viz., a point three chains north, etc., and one at the place of holding county court in Dalles City, in said Wasco County, and State of Oregon, — thirty days prior to the presentation of petition herein, and that all of said petitioners are householders, residing in the vicinity of said proposed road in said Wasco County, and State of Oregon.   G. Segui.   Subscribed and sworn to before me this thirtieth day of December, A. D. eighteen hundred and ninety-three.   J. B. Crossen, county clerk.   (Signed) E. Martin, deputy."   It also appears that on Saturday, January sixth, eighteen hundred and ninety-four, the County Court of Wasco County made an order continuing the matter of the petition for said road until the March term thereof, and on March tenth of that year made the following order: "On this day comes on to be heard the petition of John Mesplie and others praying for the location of a county road, which said matter was continued from the January term of this court.   And it satisfactorily appearing from the proof filed herein that due notice of the pendency of this proceeding has been given as by law required; that more than twelve of said petitioners are legal householders, residing in the vicinity of said proposed road; and that a good and sufficient bond has been filed; and there being no objections or remonstrance filed at the time,—it is ordered by the court that T. H. Wakefield, George Ruch, and S. B. Adams be and they are hereby appointed viewers, and E. F. Sharp, surveyor, to view, survey, and

report upon said proposed county road, and that they meet at the commencement thereof on the seventh day of April, eighteen hundred and ninety-four, and report their findings thereon to this court in writing at the next regular term thereof." The said viewers and surveyor having complied with the order of their appointment, the county court, on May twelfth, eighteen hundred and ninety-four, made an order, which, after describing the proposed road, contained the following: "And there being no remonstrance filed against the opening of said proposed road, and no claim for damages, and the court being satisfied from the report of the viewers that said proposed road would be of public utility, and the report of the viewers and surveyor having been read in open court on two different days of this term, and there being no objection, it is therefore hereby ordered that the prayer of the petitioners be granted, and that the report of the viewers and surveyor be recorded in the road records of this county, and from thenceforth said road shall be considered, and hereby is declared to be, a public highway and county road, and the supervisor of road district number nine is hereby directed to open the same."

The proof of advertising the road notices failing to show that they were posted in public places, and the record of the county court being silent on that subject, the appellant contends that the county court failed to acquire jurisdiction of the proceedings. The statute, (section 4063, Hill's Code,) in substance, requires that when any petition shall be presented to the county court for laying out a county road it shall be accompanied by satisfactory proof that notice has been given by advertisement posted at the place of holding the county court, and also in three public places in the vicinity of the proposed road. Had the journal entry of the county court recited that satisfactory proof had been given by

advertisement posted at the place of holding the county court, and also in three public places in the vicinity of the proposed road, it would be presumed that jurisdiction had been acquired, though the affidavit of posting was ambiguous in its statement of facts: *Latimer* v. *Tillamook County*, 22 Or. 291 (29 Pac. 734). It is true the journal entry contains the following: "And it satisfactorily appearing from the proofs filed herein that due notice of the pendency of this proceeding has been given as by law required," but this is not a recital of the necessary facts from which the ultimate fact is established, but rather the statement of a legal conclusion deducible from the presumptive proof of facts not stated in the record. If the county court, in the matter of locating county roads, was a court of general jurisdiction, and entitled to have every intendment construed in its favor, the rule might be otherwise; but in view of its limited powers we do not feel like extending the rule beyond that announced in *Latimer* v. *Tillamook County*, 22 Or. 291 (29 Pac. 734). The proof shows that the notices were posted in the vicinity of the proposed road, but it nowhere appears that the places at which they were posted were public. Such service is constructive, and in all cases rests upon the presumption that the party affected thereby has seen the notice, (Wade on Notice, § 1029,) but this presumption cannot be invoked unless the proof shows that the notices have been posted in public places, and in such manner as to afford the parties affected thereby an opportunity of seeing and reading them. There is nothing to show that these notices were posted in such a manner as to be seen and read by the public, and thus presumptively bring the knowledge of their contents home to the parties affected thereby. So far as the proof is concerned they may have been, like the laws of Caligula, written in very small character, and hung

upon high pillars, the more effectually to ensnare the people: 1 Blackstone's Commentaries, 46. The due publication of these notices was the only means by which the county court could acquire jurisdiction of the matter, and the record failing to show that the method prescribed by the statute had been pursued, it never acquired jurisdiction to make the order declaring the proposed road a public highway, for which reason the judgment is reversed, and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.

REVERSED.

Decided at PENDLETON, July 20, 1895.