## JOHN A. JOHNS, Appellant, *v.* MARION COUNTY, Respondent.

RETURN FORMS PART OF JUDGMENT ROLL.—The return made in obedience to a writ of review forms part of the judgment-roll, and is properly included in the transcript without a statement or bill of exceptions.

MUST SHOW JURISDICTION.—The return should show that the tribunal had jurisdiction. It is a general rule that Courts of limited and general jurisdiction, when exercising a special limited power, conferred by statute, must show affirmatively that jurisdiction has been acquired.

PETITION AND PROOF OF NOTICE NECESSARY TO GIVE JURISDICTION. — The County Court is a Court of record, but its general jurisdiction is to be defined, regulated and limited by law. The statute prescribes its powers and its mode of proceeding in laying out roads. It has no power over the subject until the prescribed petition and proof of notice is presented.

IRREGULARITIES THAT GO TO THE JURISDICTION.—The rule that a judgment should not be reversed for errors not affecting a substantial right, does not apply to irregularities that go to the jurisdiction of the Court.

MUST DESCRIBE TERMINAL POINTS.—A petition for the alteration of a road that does not describe the terminal points with certainty, is insufficient to give the County Court jurisdiction.

APPEAL from Marion County.

The appeal is from a judgment of the Circuit Court dismissing a writ of review and affirming the action of the County Court of Marion County in the matter of a petition for an alteration of a road.

It appears from the return made in obedience to the writ of review, that on the 9th of March, 1870, a petition, signed by twelve persons, was filed in the County Court, the petition being in the following form:

"*To the Honorable County Court of Marion County, Oregon:*

"The undersigned, your petitioners, would respectfully re-

quest your honorable body to take such steps as would lead to the opening of a county road, to commence at a point on the stage road north of the residence of D. A. Miller, to run thence west to the flour mill of Moores, Witten & Miller, thence southerly to intersect the county road near the foot of the Nevil Hill, near the south line of John A. Johns' land claim; also, to vacate the old road from the intersection near the Nevil Hill to its intersection with stage road north of John Crimes."

On the same day, one hundred and twenty-eight persons, styling themselves "householders living in the vicinity" of said road, filed their remonstrance against the alteration of said road. Thereupon a supplemental petition in favor of the proceeding was filed, containing additional names.

The appellant moved the County Court to strike out the supplemental petition; and thereupon the County Court made an order directing "both the petitioners and remonstrators to procure new and additional signers for or against said road," and continued the cause. Other supplemental petitions and remonstrances were afterward filed; and in May, 1870, the proposed road having been viewed and surveyed, the County Court made an order locating the proposed road, but made no order granting the proposed vacation. Among the many assignments of errors are the following:

1. The petition and notices were defective in not specifying the place of beginning and of termination.

2. Posting one notice at the court-house, one on the proposed road and two on the road proposed to be vacated, was not a compliance with the statute.

3. It is not competent, in the same proceeding, to vacate one road and locate another, the termini of the two not being common.

4. Permitting a supplemental petition to be filed.

5. Granting the petition in part and not in whole.

6. Persons were counted as petitioners who were not householders of the county or residents of the vicinity.

*B.· F. Bonham and G. W. Lawson,* for Appellant.

*Williams & Willis,* for Respondents.

By the Court, UPTON, J.:

This case was presented in the Circuit Court by a petition for a writ of review. The transcript presents the petition, the writ and the return made by the clerk of the County Court.

The respondent makes a point of objection to reviewing the proceedings of the Circuit Court; that there is no statement of the case or bill of exceptions; that the return to the writ is evidence and not a pleading, and consequently cannot be regularly embodied in the transcript, unless in the form of a statement or bill of exceptions.

The return of an officer, properly made in obedience to a writ of review, forms a part of the record. The statute which directs the manner of making up the judgment-roll does not mention this particular class of returns by name, but since the return is the only means by which issue can be taken upon what is alleged in the petition, unless it is treated as a pleading in preparing the judgment-roll in pursuance of § 269 of the Code, it would be impossible to make up an intelligible record. At common law, the return brought up only the record (*People* v. *Vermilyea,* 7 Cow. 108), and the record was reviewed only upon questions affecting the jurisdiction. Where the office of the writ has been enlarged by statute, so as to authorize a review for error, as well as for irregularity affecting the jurisdiction, it sometimes becomes necessary to embody in the return matters that are not part of the record in the strict sense of the term, in the tribunal to which the writ is directed. But by being embodied in the return, they become necessarily a part of the record of the Court in which the return is filed, and are so treated. (*Morewood* v. *Hollister,* 2 Seld. 309.) The return is properly made a part of the transcript in this case.

It is not sufficiently full to enable either the Circuit Court or this Court to pass upon all the questions suggested in

the assignment of errors. For instance, the return does not disclose what course was taken to ascertain who of the petitioners and remonstrators were householders of the county, residing in the vicinity; nor what was decided in regard to any one or more of them. But, under the view taken by this Court, it will be unnecessary to pass upon all the points that are presented by the record. The case turns upon the question whether the County Court had acquired jurisdiction. "The return should show that the tribunal had jurisdiction." (*Starr* v. *Trustees of Rochester*, 6 Wend. 564.) It is a general rule that Courts of limited jurisdiction, and Courts of general jurisdiction when exercising a special limited power conferred by statute, must show affirmatively that jurisdiction has been acquired. When this is shown, error will not be presumed, but must be affirmatively shown. (*Stanton* v. *Ellis*, 2 Kern. 575.) The sound rule in regard to such tribunals is, "to be liberal in reviewing their proceedings as far as respects form, and strict in holding them to the exact limits of jurisdiction prescribed to them by the statute." (*Jones* v. *Bird*, 1 Caine R. 594.)

The County Court is a Court of record, but its general jurisdiction is to be defined, limited and regulated by law in accordance with the Constitution. Besides the general jurisdiction in specified matters conferred directly by the Constitution, it may exercise other powers to be prescribed by law. The statute (General Laws, p. 857) prescribed its powers and its mode of proceeding in laying out, altering or locating county roads. Under the statute, the Court has no power over the subject until a petition of the prescribed character and proof of notice is presented, and it is necessary that the record should show affirmatively that jurisdiction has been thus acquired, or the proceeding cannot be sustained.

One of the requisites of the petition is, that the petition should "specify the place of beginning, the intermediate points, if any, and the place of termination" of the road.

It is the opinion of the Court that the petition presented in this case does not comply with this requirement of the

statute. The language used to define the point of beginning is susceptible of two constructions, one of which leaves the point indefinite. If we assume, in aid of the record, that "Stage Road" is a proper name, applied to a particular road, and that there is but one stage road in the vicinity, it may be inferred that the word "North" is used to signify that the point of beginning is in that road and directly north of D. A. Miller's dwelling-house. But the description of the place of termination is entirely too indefinite to be deemed a compliance with the statute. The last course and the point of termination are described by the words, "thence *southerly* to intersect the county road *near* the foot of the Nevil Hill *near* the south line of John A. Johns' land claim."

It is evident from the provisions of the statute that the Legislature intended the petition and notice should place the proposed enterprise before the public in a manner to enable parties interested to ascertain, from an examination of the petition, how their interests would be affected by the proposed change. This intent of the Legislature cannot be carried out if a petition is worded so vaguely as to make the selection of the particular route a subject of future determination. There is nothing in the petition by which the point of termination can be rendered certain, no matter what geographical facts are assumed as being within the knowledge of the Court, because it is impossible to tell how near to Nevil Hill or the south side of the land claim the point of termination is to be.

The proposed vacation not having specified *termini* common with those of the proposed new road, does not aid the description of the latter.

It is true that it does not appear on the record that any one was misled; for aught that appears, every person interested may have known from other sources precisely what alterations were intended, but the sufficiency of the petition is a question that affects the jurisdiction, and until a sufficient petition is presented in such a case, the County Court acquires no power over the subject. (*Staple* v. *Fairchild*, 3 N. Y. 41.)

If the vagueness of description had occurred in some proceeding after the Court had acquired jurisdiction, it is possible the presumption of regularity might prevail, notwithstanding the defect, or the Court might be justified in sustaining the judgment on the ground that it should not be reversed for mere error that is not shown to have affected a substantial right, but there is no such rule applicable to defects that go to the jurisdiction of the Court, because in a Court of limited jurisdiction there is no presumption in favor of the regularity of the proceedings until it is shown that jurisdiction has been acquired. (*Turner* v. *Bank of North America*, 4 Dallas, 8; *Bigelow* v. *Stearns*, 19 John. 39.) And even if we could apply a more liberal rule and hold that there is a presumption that a cause is within the jurisdiction of the County Court until the contrary appears, it would not avoid the difficulty, for it affirmatively appears by the record that the Court assumed to act upon this petition. And yet the Court had no power to act until such petition is presented as the statute designates. (*Bloom* v. *Burdick*, 1 Hill, 140.)

The question is raised whether the appellant, who filed a claim upon which damages were awarded in his favor by the County Court, can object to the jurisdiction. If he had received and accepted the award the proposition would be of more force. His disability to make the objection must be either because it would be inequitable to permit him to allege the truth, or because by his action in the County Court jurisdiction was acquired. It will not be claimed that he is estopped, he not having accepted the award, and personal appearance in a case of this kind does not confer jurisdiction. The County Court can only acquire jurisdiction in the particular mode pointed out by statute, and a question to the jurisdiction is not thus wavered. (Civ. Code, § 70.)

Where such irregularities are discovered, pending a proceeding to lay out a road, it is better that the error should be obviated by commencing anew than that the matter should be left to embarrass the county after public funds have been expended in constructing the road.

It is not necessary in this case to pass upon the other objections to the petition and notice, nor upon the validity of the subsequent petition, or the regularity of granting the order to lay out without the words to vacate.

The judgment of the Circuit Court should be reversed for want of jurisdiction in the County Court.