Grimwood *et al. v.* Macke *et al.*

---

No. 8475.

GRIMWOOD ET AL. *v.* MACKE ET AL.

HIGHWAY.—*Board of Commissioners.*—*Jurisdiction.*—*Report of Viewers.*—An improper rejection of the report of reviewers appointed by a board of county commissioners in proceedings for the location of a highway does not deprive the board of jurisdiction of the matter.

SAME.—*Jurisdiction.*—Where an inferior tribunal has obtained jurisdiction over the parties in a matter or proceeding, of the subject-matter of which it, by law, has or may have jurisdiction, its proceedings thereafter, though irregular or erroneous, are not void.

SAME.—*Appeal.*—*Trial.*—*Practice.*—Upon appeal to the circuit court from the final decision of a board of commissioners, in proceedings for the location of a highway, the case must "be heard, tried and determined as an original cause," and, on such hearing, the previous orders of the board and reports of viewers have no significance.

From the Vanderburgh Circuit Court.

*C. A. DeBruler* and *E. R. Hatfield,* for appellants.

*J. B. Rucker* and *H. A. Mattison,* for appellees.

WOODS, J.—Proceedings on the petition of the appellees for the location and opening of a highway. The viewers having reported in favor of the "public utility" of the proposed way, the appellants, with others, filed a remonstrance, alleging that the way would not be of "public utility," and, also, filed claims for damages. Thereupon the board of commis-

sioners appointed reviewers, "to review the proposed highway, report on utility, to assess damages, if any, and make written report to the board," etc.

At the next term of the board, the reviewers presented a report that the way would not be of public utility. This report the board rejected, because it was silent in reference to the damages claimed, and ordered the reviewers to report *instanter* the damages, if any, that would be sustained by the remonstrants; and thereupon appointed other viewers to view the proposed road, and report to the board at its next term as to the public utility of the road, "taking into consideration the damages that may be assessed by the above-mentioned reviewers." The said reviewers, in accordance with the order, made a report of the damages which would result to the respective remonstrants; and, at the next term of the board, the other viewers reported the road to be of "public utility and a great necessity to the county." Thereupon the board ordered the way established and opened, and directed the payment of the damages assessed out of the county treasury.

On appeal, the proceedings had in the circuit court, as stated in the appellants' brief, were as follows:

"Appellants first moved to remand the cause to the board of commissioners, with an order to the board to strike out all of their proceedings subsequent to the filing of the report of the reviewers declaring the highway of no public utility, and to enter an order accepting said report, and declaring said highway to be of no public utility. This was asked upon the ground that the proceedings of the board subsequent to the filing of the report of the reviewers were *coram non judice* and void. The motion was overruled and appellants excepted. Appellants then moved to dismiss the cause for the same reason, and, this motion being overruled, appellants excepted. Thereupon the case went to trial, and, after the verdict was returned, the appellants moved successively for judgment *non obstante*, for a new trial, and in arrest; but the motions were all overruled. The proper exceptions were reserved; and it

may as well be stated, once for all, that all these motions are based upon the same idea, and were made for the purpose of testing one single question, viz., the validity of the acts of the commissioners subsequent to the report of the first reviewers, and the effect of those proceedings, if invalid and void."

We are not able to agree with counsel in the proposition, that the proceedings of the board subsequent to the filing of the report of the viewers was without jurisdiction. The report of the viewers might have been such as that it would have been proper for the board to reject it. Whether the board would accept the report in question, was for it to decide, and a wrong decision could not deprive it of the power to proceed in the pending matter until a final order or conclusion was reached. There are numerous recent decisions of this court upon the subject of jurisdiction, to the effect that once an inferior tribunal has obtained jurisdiction over the parties in a matter or proceeding, of the subject-matter of which it, by law, has or may have jurisdiction, its proceedings thereafter, though irregular or erroneous, are not void. *Stoddard* v. *Johnson,* 75 Ind. 20; *Featherston* v. *Small,* 77 Ind. 143. It may be observed, too, that the appellants, though presumably present, made no objection to the action of the board, and ought, therefore, to be deemed to have waived the right to object. But, if it were conceded that after the making of the report of the reviewers against the utility of the proposed way, the board had no power to do more than enter an order refusing to locate the way, it would avail the appellants nothing on this appeal.

Upon an appeal from a decision of the commissioners to the circuit court, by the express requirement of the law, the case is to "be heard, tried and determined as an original cause," 1 R. S. 1876, p. 357, section 36; and, on such hearing, the previous orders of the board and the reports of viewers have no significance. *Turley* v. *Oldham,* 68 Ind. 114; *Bowers* v. *Snyder,* 66 Ind. 340; *Scraper* v. *Pipes,* 59 Ind. 158.

If the circuit court had sustained the motion of the appellants to remand the case to the commissioners, with directions

to enter judgment on the report of the reviewers, dismissing the petition or refusing to establish the road, the petitioners, within thirty days from the entry of that judgment, might have appealed to the circuit court, and so have compelled the hearing and trial which were had, and, presumably, with the same result.

The judgment of the circuit court is affirmed, with costs. .