Brown *et al. v.* Stewart *et al.*

---

No. 8247.

BROWN ET AL. *v.* STEWART ET AL.

HIGHWAY.— *Viewers.— Dismissal.— Practice.*—Objections to the reports of viewers furnish no ground for the dismissal of proceedings to establish a highway.

86 377
162 403

SAME.—*Remonstrance.*—*Public Utility.*—*Damages.*—Where the remonstrance against establishing a highway questions the utility of the proposed way, and also claims damages, the viewers must report upon both matters.

From the Ripley Circuit Court.

*S. M. Jones, Z. T. Hazen, E. P. Ferris* and *W. W. Spencer,* for appellants.

*G. Durbin,* for appellees.

ZOLLARS, J.—This case was commenced before the board of commissioners of Ripley county, by appellees filing a petition asking for the location and opening of a highway. After a remonstrance by appellants, and an order of the board establishing the highway, appellants appealed to the circuit court. In that court appellees filed two motions, one to dismiss the appeal, and the other to remand the cause back to the commissioners for further proceedings, subsequent to the appointment of the viewers. These motions were based upon the following grounds:

"1st. The report of the viewers is a nullity, in that it does not give the width of the proposed highway, or prescribe how much land each of the owners of the land over which the road runs is to give.

"2d. The order of the commissioners to the reviewers does not describe the proposed highway as described in the petition, and the report of the reviewers is a nullity.

"3d. The final order of the commissioners in the proceedings is void."

These motions were overruled, and appellees excepted. No cross errors are assigned in this court. Appellants filed their motion to dismiss the proceedings, for the following reasons:

"1st. The records show that the viewers first appointed by the board of commissioners failed to give the width of said road.

"2d. The said viewers failed to prescribe how much land each of the owners of the land over which the road runs is to give.

"3d. The said viewers failed to stake or mark out said proposed highway.

" 4th. The said second reviewers appointed by said board of commissioners exceeded their authority, and reported said highway of public utility, when they were appointed by said board for the sole purpose of assessing damages which the said Brown and Stewart would sustain in consequence of the location of said proposed highway.

" 5th. The order of the commissioners to the reviewers does not describe the proposed highway as described in the petition, as running over the lands of William J. Brown and David H. Stewart.

" 6th. All of the proceedings of said board of commissioners, except the reception of said petition for said proposed highway, are void, and without authority of law."

This was overruled, and appellants excepted. After a trial by jury and the return of a general verdict for appellees, and that the proposed highway would be of public utility, appellants filed their motion for a new trial. The reasons assigned, with the exception of the fourth, are unavailing in this court, for the reason that the evidence is not in the record. The fourth reason calls in question the court's ruling upon the motion to dismiss. After the overruling of this motion, and an exception by appellants, they filed their motion to arrest the judgment. This motion was, in substance, the same as the motion to dismiss, with the following additional statements :

"*First.* Because the petition in said cause is not sufficient in law to render a judgment thereon.

"*Second.* Because the petition for the location of said highway does not designate the width of said proposed road."

It will be seen from the record as we have set it out, that in the court below counsel on both sides contended that the proceedings before the board, at least all subsequent to the appointment of the viewers, were irregular and void. They differed as to the remedy and mode of procedure. The court agreed with neither, held the case for trial, and rendered final judgment establishing the highway.

Counsel for appellants in their brief say, that the record shows the filing of the petition, the appointment of the viewers, and that they proceeded to view the proposed highway, and that everything was regular up to that point.

Their brief is devoted wholly to alleged irregular and illegal proceedings subsequent to the appointment of the viewers.

The first three reasons urged for the dismissal of the case, and to which most of appellants' brief is devoted, are in substance that the viewers did not stake and mark out the proposed highway, and did not state in their report the width of the said highway, and how much land should be given by adjoining owners.

The record shows that the precept from the auditor to the viewers, which was based upon an order of the board, notified them that they were appointed to view, and, if of public utility, to mark and lay out the highway thirty feet wide. The viewers, in their report, state that they made a view of the highway upon the line as given in the petition, setting it out, that the highway thus viewed was thirty feet wide, and that they "marked out said route."

This report, as well as the petition and other proceedings, shows that the highway was located upon the line dividing the lands of appellants. The statute requires that where the road is laid out upon the line dividing the lands of two individuals, each shall give half of the road. The report must be taken to mean, we think, that the line between the lands of appellants is the center of the highway viewed and marked out by the viewers. The report gives a description of the highway by route, course, distance and bounds.

The road being thirty feet wide, with the center upon the line dividing the lands of appellants, the bounds are fifteen feet on each side of that line, and it results that each owner is required to give one-half of the road. The line and boundaries being thus fixed, the words "marked out said route" show, sufficiently clear, that the requirements of the statute were complied with in laying out and marking the high-

way. The objections made to the report we think are untenable. *Hedrick* v. *Hedrick*, 55 Ind. 78.

The fourth objection urged in the motion to dismiss is, that the reviewers exceeded their authority in reporting the highway of public utility. This objection is not well taken in law or fact. After the report of the viewers, appellants remonstrated on the ground of damages and the inutility of the proposed road. Reviewers were appointed for the purpose of reporting upon the questions of the public utility and the alleged damages. They were properly notified of the purpose of their appointment, performed their duty, and reported upon both questions against appellants. When the questions of utility and damages are included in the same remonstrance, as may be done, it is the duty of the reviewers to report upon both questions. *Butterworth* v. *Bartlett*, 50 Ind. 537; *Bowers* v. *Snyder*, 66 Ind. 340. Appellants, having united in the same remonstrance the questions of utility and damages, are not in a position to complain that such action was taken that both questions were examined and reported upon.

The fifth reason urged in the motion to dismiss is, that the order to the reviewers did not describe the highway as running over the lands of appellants, as described in the petition. The description is exactly the same, except the order, as given to the reviewers, omits the Christian name of Stewart, giving H. Stewart instead of David H. Stewart. This objection is too technical to be available; besides it is of no consequence at all. The reviewers understood what they were to do, and did it. The notice served its purpose, and no one was or could be injured by such a variance.

The sixth reason urged in the said motion to dismiss is too general to present any question.

In their brief counsel make some question as to the sufficiency of the final order of the board establishing the highway. This objection was not made in the court below, and, besides, is of no consequence, as that final order was vacated by the appeal to the circuit court, where the case was tried

*de novo*, and an order establishing the road was made by the court. Some question is also made as to whether or not the viewers and reviewers were properly sworn. No such objections were made either before the board or in the circuit court, and were therefore waived.

It will be observed that the motion by appellants was to dismiss the entire proceedings. The objections are confined to the reports of the viewers and reviewers substantially. If it should be granted that all of the objections urged in argument are well taken, yet the motion to dismiss was properly overruled. No objection to the petition is pointed out in argument. As we have said, it is expressly conceded that all of the proceedings up to the appointment of the viewers were regular. If it be conceded that the petition is sufficient, it follows that the entire proceedings should not be dismissed because of irregularities in the reports. We have not been called upon to decide anything in reference to the sufficiency of the petition. Nothing is said in argument upon the action of the court in overruling the motion to arrest the judgment, except that it presents the questions presented by the motion to dismiss. After an examination of all the questions discussed in the briefs of appellants, we are of the opinion that the judgment of the court below should be affirmed.

It is therefore affirmed, at the costs of appellants.