[ Filed May 23, 1890.]

## J. L. ROE, RESPONDENT, *v.* UNION COUNTY, APPELLANT.

COUNTY COURT—AUTHORITY TO ESTABLISH COUNTY ROAD AND PAY DAMAGES OUT OF THE COUNTY TREASURY—WHEN.—A county court has no jurisdiction to establish a county road unless satisfied that it will be of public utility; that the amount of damages assessed for opening it is just and equitable, and that it will be of sufficient importance to the public to cause the damages so assessed to be paid by the county; in which case it must order the same to be paid to the complainant out of the county treasury.

COUNTY COURT—WHEN IT MAY REQUIRE PETITIONERS FOR PUBLIC HIGHWAY TO PAY THE DAMAGES ASSESSED.—The court may, however, where it is of the opinion that the proposed road is not of sufficient importance to the public to cause the damages to be paid by the county, establish it as a public highway; but it can only do so in that case where the expenses or damages, or such part thereof as it may think proper, are paid by the petitioners. The court may in the latter case, by a supplemental order reciting the facts, establish the road; but this must be done at the term of court at which the preliminary determination is had.

APPEAL from Union county: JAS. A. FEE, judge.

The respondent sued out a writ of review from the circuit court to the county court to review certain proceedings had in the latter court for the laying out of a county road in said county in compliance with the following petition signed by O. H. Fay and more than twelve others:

"*To the Honorable the County Court of the State of Oregon for Union County:* The petition of the undersigned householders of Union county, Oregon, residing in the vicinity of the road hereinafter described, hereby petition your honorable body to cause to be laid out and located and established a county road in said county of Union, on the following described line, to wit: Commencing at the center corner of the northeast quarter of section 9, in township 2 south, of range 39 east, of the Willamette meridian; thence running west one and one-half miles to the center corner of the northwest corner of section 8, in said township and range; thence running south one-fourth mile to the southeast corner of the southwest quarter of the northwest quarter of section 8 in said township and range; and your petitioners also pray that the following-described portions of what is known as the Knapp road may be vacated and discontinued, to wit: Commencing at the center corner of the southeast quarter of section 9 in township 2 south, of range 39 east, of the Willamette meridian; thence running west one and one-half miles to the center corner of the southwest quarter of section 8 in said township and range."

Viewers were duly appointed to locate the road, who, on the seventh day of October, 1885, filed their report recommending its establishment. On October 12, October 26, November 4, 1885, respectively, G. W. Ruckman, J. W. Mitchell, and R. D. Ruckman, and on November 6, 1885, the respondent herein, J. L. Roe, each presented a claim for damages which they were liable to suffer in consequence of the said road crossing their respective premises. Subsequently and on the fourth day of November, 1885, an order was made by the county court, then in session, appointing viewers to assess such damages; but they failed to make any report in the matter. On the eighth day of January, 1886, others were appointed for the same purpose, who, on the tenth day of the same month, submitted a report allowing G. W. Ruckman, J. W. Mitchell, and R. D. Ruckman each $50. Upon the filing of this report the

county court ordered that the viewers' and surveyor's report and the plat of the road be recorded, and the road be established as a public highway; *provided, however,* that the petitioners for said road pay the damages awarded. Thereafter on March 7, 1888, G. W. Ruckman and J. W. Mitchell filed with the court the following relinquishment:

"We, the undersigned, do relinquish all our right of damages on road petitioned for by O. H. Fay and others.

(Signed)                          "G. W. RUCKMAN.

"J. W. MITCHELL."

Thereupon and on the sixth day of April, 1888, the said court made the following order in the matter: "This matter coming on to be heard at this time, and it appearing to the court that the above-entitled road was regularly petitioned for, laid out and established as a county road, but that there were certain claims for damages, all of which have been withdrawn except R. D. Ruckman's which has been appraised at $50, it is ordered by the court that a warrant be drawn on the treasurer in favor of said R. D. Ruckman for said sum of $50, and that said road be ordered opened and declared a public highway."

On May 16, 1888, a motion by respondent and others was filed in said court, based on a remonstrance, that the court reconsider the said order of April 6, 1888, but no action was taken in the matter. The respondent then sued out the writ of review from the said circuit court to the said county court, to review the said proceedings, and assigned, among other grounds of error, the following: "The court erred in making the order of April 6, 1888, as all the rights of the petitioners therein were lost by lapse of time; and there being no jurisdiction in the court to make the said order or to pay the said $50 damages from the county funds, and said order being in violation of and in conflict with the said order of March 6, 1886, and the court having no jurisdiction of the parties in interest." Upon the hearing of the said writ of review, the circuit court reversed

the said order of the county court of April 6, 1888, which is the decision appealed from.

*J. W. Shelton,* for Appellant.

*R. Eakin* and *Cage Baker,* for Respondents.

THAYER, C. J., delivered the opinion of the court.

The order of the county court of April 6, 1888, was erroneous and the circuit court properly annulled the same. Said county court on March 6, 1886, had in effect determined that the proposed road would not be of sufficient importance to the public to cause the damages assessed and determined by the viewers to be paid by the county, although such was not its terms. A county court in a proceeding to lay out a public road, before attempting to establish the same, must be satisfied that it will be of public utility. It must then be satisfied that the amount of damages assessed for the opening of the road is just and equitable, and that the proposed road will be of sufficient importance to the public to cause the damages so assessed to be paid by the county, in which case it will order the same to be paid to the complainant out of the county treasury. The court may, however, where it is of the opinion that the proposed road is *not* of sufficient importance to the public to cause the damages to be paid by the county, establish it as a public highway; but it cannot do so in the latter case unless the expense or damages, or such part thereof as it may think proper, be paid by the petitioners. The order of the county court of the sixth of March, 1886, instead of directing "that the viewers and surveyors report and the plat of the road be recorded and established as a public highway, provided the petitioners pay the damages awarded," should have concluded as follows: "But the court being of the opinion that the proposed road is not of sufficient importance to the public to cause the damages to be paid by the county, it refuses to establish the same as a public highway unless the damages be paid by the petitioners." In that case it

would have been left with the petitioners whether or not the road should be established; and if the petitioners then came forward and paid the damages, the court could, by a supplemental order reciting the facts, have established the road. The matter, however, should have been consummated immediately, or at least during the term of court then in session. The said order, last referred to, was not in the form suggested, but it could not have any different legal effect, as the court could only do those things which the law authorizes it to do. It was, therefore, no more in fact than an intimation from the court that it would establish the said road upon compliance with the condition therein contained, and it had no authority to do so without such compliance being made during that term of the court. The order therefore of April 6, 1888, was a nullity.

The decision appealed from will be affirmed.