Argued December 14, 1896;   decided March 1, 1897.

SIME v. SPENCER.

(47 Pac. 919.)

1. JURISDICTION OF COUNTY COURT IN OPENING HIGHWAYS.—It must now be regarded as firmly settled in Oregon that county courts, while in the exercise of their prescribed powers in the laying out, altering, and vacating of county roads, are courts of limited and inferior jurisdiction, and that every essential jurisdictional fact must affirmatively appear by the record in support of its orders; but, when once it has acquired jurisdiction, the same intendments obtain in favor of the regularity of its proceedings as prevail in courts of general jurisdiction: *Bewley .v. Graves*, 17 Or. 274; and *State* v. *Myers*, 20 Or. 442, approved and followed.

2. PETITION FOR HIGHWAY—SUFFICIENCY OF DESCRIPTION—CODE, § 4062.—Under section 4062 of Hill's Code, requiring a petition for a county road to "specify the place of beginning," etc., a petition which merely describes the road as "commencing in the center of the county road leading from P. to A., at a point about 150 yards in a southwesterly course from the dwelling of S., thence," etc., is insufficient, as it does not indicate with reasonable certainty the point of beginning: *Ames* v. *Union County*, 17 Or. 600, distinguished.

From Benton:   J. C. FULLERTON, Judge.

This is a suit by Alex Sime to enjoin Wm. Spencer, who is the supervisor of road district No. 30, in Benton County, from opening a newly· laid county road ordered opened by the County Court.   A demurrer was interposed to the complaint, which was sustained, and a decree entered in favor of defendant, dismissing the complaint, and for costs and disbursements.   Plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. W. S. McFadden.*

For respondent there was a brief over the names of

*Joseph H. Wilson* and *Geo. M. Brown* with an oral argument by *Mr. Wilson.*

Opinion by MR. JUSTICE WOLVERTON.

1. The only question in this case is whether the County Court of Benton County, Oregon, acquired jurisdiction to view, lay out, locate, and open the alleged county road, the opening of which plaintiff is resisting, and its solution depends mainly upon the sufficiency of the petition for such road. It may now be regarded as firmly settled that the County Court, while in the exercise of its prescribed powers in the laying out, alteration, and vacation of county roads, is a court of limited and inferior jurisdiction, and that every essential jurisdictional fact must therefore affirmatively appear by the record in support of its orders; but, having once acquired jurisdiction, the same intendments obtain in favor of the regularity of its proceedings as prevail in courts of general jurisdiction: *Bewley* v. *Graves*, 17 Or. 274 (20 Pac. 322); *State* v. *Myers*, 20 Or. 442 (26 Pac. 307); *Thompson* v. *Multnomah County*, 2 Or. 34; *Johns* v. *Marion County*, 4 Or. 46; *State* v. *Officer*, 4 Or. 180; *Canyonville Road Co.* v. *Douglas County*, 5 Or. 280.

2. One of the statutory instrumentalities by which jurisdiction is acquired for the establishment of a county road is the petition, which it is prescribed "shall specify the place of beginning, the intermediate points, if any, and the place of termination": Hill's Code, § 4062. Now, the complaint for the injunction is predicated upon the alleged insufficiency of the petition, in not having specified with reasonable certainty and definiteness either the place of beginning or termination. The description of the proposed new road is as follows: "Commencing in the center of the county road leading from Philomath to Alsea Valley, at a point about 150 yards in a southwesterly course from the dwelling of Alex Sime; thence running in an easterly direction through the lands

of A. Sime and Isabella Gallatly, and between the graveyard and the creek on the Gallatly land; and thence through the land of Joseph Gray to a point near the small creek known as 'Gray Branch,' about 100 yards below where the present county road crosses said creek; thence up the valley of said small creek to the present county road as traveled from Philomath to Alsea." In *Johns* v. *Marion County*, 4 Or. 46, the last course and termination was described in the petition as follows: "Thence southerly to intersect the county road near the foot of Nevil Hill, near the south line of John A. Johns' land claim"; and it was held that the place of termination was entirely too indefinite to be deemed a compliance with the statute. It was said in a later case *(Canyonville Road Co.* v. *Douglas County*, 5 Or. 280) that the court went to the extreme verge of the law in *Johns* v. *Marion County*. BURNETT, J., however, dissented from the view taken by the majority of the court, and thought that the Johns case was decisive of the question under discussion. In a still later case *(Woodruff* v. *County of Douglas*, 17 Or. 315, 21 Pac. 49), under the following description, viz.: "Thence southwest above said Archambeau's barn, westerly on the premises of Joseph Champagne on the most practicable route, and through the premises of the said Champagne, leaving his house to the left, and intersecting the present Cole's Valley and Roseburg County Road at a point between the residence of Charles La Point and O'Brien," it was held that the petition wholly failed to designate or specify the particular or distinct point of termination of the proposed road, and did not answer the requirements of the statute, and that by reason thereof the court acquired no jurisdiction to locate the road in question.

The place of beginning in the petition which we are now considering is not more definitely fixed or described than

in either of the cases above referred to. It is designated
as being in the center of the county road, etc., at a point
about 150 yards in a southwesterly course from the
dwelling of Alex Sime. The dwelling is undoubtedly a
monument capable of identification, but, taking it as the
initiative point from which to ascertain the place of begin-
ning of the proposed road, we have yet to find the place
through the instrumentality of two terms, viz.: "about" and
"southwesterly course," employed for the purpose, which
are by nature indefinite. "About" signifies nearly, approx-
imately, in the neighborhood of, not much more or less:
Black's Law Dictionary. So that we may say the place
of beginning is approximately 150 yards from the dwelling
of Alex Sime. But a "southwesterly course" may mean
any direction between south and west lines, and it would
be impossible through the agency of these terms to locate
any definite or distinct point in the center of the county
road leading from Philomath to Alsea. *Ames* v. *Union
County*, 17 Or. 600 (22 Pac. 118), is not in point upon this
question. There the "Clarke cabin" marked the place
of beginning, which was described as being situate "about
forty rods west and about thirty rods north from the
southeast corner of section 6," etc. From the description
the "Clarke cabin" was easily located. One of the pur-
poses of the statutory requirements of the petition is, no
doubt, to place interested parties in the possession of
information so distinct and definite as, that they might
know with reasonable certainty in what manner and to
what extent they will be affected by the establishment of
the proposed road. While a slight variance in many
instances might not make any material difference, yet in
others it may become of vital importance, and the law
should receive such a construction as will make it effective
under all conditions and circumstances. Such has been
the trend of former cases. We think the petition under

consideration is fatally defective, as it respects the location of the place of beginning, and the termination point is scarcely more specific. This being so, the County Court had no jurisdiction to establish or order the road in question to be opened; hence the defendant being without authority in the premises, the complaint is sufficient. The decree of the court below will, therefore, be reversed, and the cause remanded with instructions to overrule the demurrer.

REVERSED.