Argued 22 June; decided 31 July, 1899.

**FRENCH LIVESTOCK CO. v. HARNEY COUNTY.**

[58 Pac. 36.]

ROADS — SPECIFYING TERMINAL POINTS.

It is necessary that the terminal points of a public road as established shall be identical with the termini stated in the petition, as Section 4062 of Hill's Ann. Laws, requires the terminal points to be specified, and this requirement must be followed: *Sime* v. *Spencer*, 30 Or. 340, followed.

From Harney: MORTON D. CLIFFORD, Judge.

Petition for writ of review by the French-Glenn Livestock Company against Harney County and others to test the validity of the proceedings attending the opening of what is called the Dunn Road. The petitioner appeals from an order of dismissal.                                        REVERSED.

For appellant there was a brief and an oral argument by *Mr. William Lair Hill.*

For respondents there was a brief and an oral argument by *Messrs. Wm. Miller,* District Attorney, and *Lionel R. Webster.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

There is but one question in this case which we are called upon to notice, as that is decisive of the controversy. The terminal call in the petition for the laying out and establishment of the county road in question, including the last designated course, is described as follows: "Thence west by the most practicable route to intersect the Burns-Narrows Road on line dividing sections 26 and 35, in township 26 south, range 30 east, at the southwest corner of the southeast quarter of the southeast quarter of said section 26." According to the report of the viewers, the proposed road terminates on the Burns-Narrows Road in the town of Narrows, and it appears that it was impossible to terminate it on the line dividing sections 26 and 35 at the southwest corner of the southeast quarter of the southeast quarter of section 26, in township 26 south, range 30 east, and at the same time intersect the Burns-Narrows Road, "and that the latter point is not on or near the line described." The court adopted the report, and established the road accordingly. Under the statute, the place of beginning, the intermediate points, if any, and the place of termination are required to be specified in the petition: Hill's Ann. Laws, § 4062. The record shows

that the terminal point of the road, as established, is not near the point as designated in the petition, and this invalidates the proceedings: *Johns* v. *Marion Co.,* 4 Or. 46; *Woodruff* v. *Douglas Co.,* 17 Or. 314 (21 Pac. 49); *Sime* v. *Spencer,* 30 Or. 340 (47 Pac. 919). The judgment of the court below will therefore be reversed, and the cause remanded, with direction to the court below to vacate the order of the county court in the establishment of said road.       REVERSED.