Argued 22 January; decided 5 March, 1900.

## JONES *v.* POLK COUNTY.

[ 60 Pac. 204.]

POWER OF COUNTY COURT TO SET ASIDE REPORT OF VIEWERS.—Under Hill's Ann. Laws, § 4061 *et seq.*, authorizing a county court to establish a highway on petition, after viewers and surveyors appointed by it have surveyed the land and made their report, the court acts as a judicial, and not a ministerial, body, and hence, having properly obtained jurisdiction of the subject-matter and the parties affected, may set aside the report of viewers, and reappoint them or others to view and resurvey the proposed road.

From Polk : HENRY H. HEWITT, Judge.

This is a special proceeding by M. P. Jones to review the action of the County Court of Polk County in the matter of establishing a public highway. From the record it appears that a petition was presented to said court for the location of a county road in said county, and, satisfactory proof having been made that notice of the application had been given as provided by law, and the required bond executed, viewers and a surveyor were appointed, who met at the time and place specified by the court, and viewed and surveyed the route of the proposed road, and filed a report of such view and a plat of the survey. Remonstrances against the location of the road having been filed, and objection made to said report on the ground that the view and survey had not been made in the manner required by statute, said court set aside

the report and dismissed the petition.  A writ of review having been sued out, the circuit court for said county reversed the action of the county court, and, a mandate having been sent down, the latter court, in pursuance thereof, ordered said viewers and surveyor to meet at a designated time and place, and view and survey said road, and, the persons theretofore appointed having complied with the order, filed another report of the view and a plat of such survey.  The county court, upon the reading of the latter report at the time and in the manner prescribed, having found that the petition contained the names of fifty-six, and the remonstrances the names of fifty-one, householders residing in the vicinity of the proposed road, and that the amount of damages awarded by the appraisers to claimants whose lands would be rendered less valuable by the opening of said road had been paid by the petitioners, declared said road a public highway, and ordered it to be opened for travel.  The plaintiff, feeling aggrieved by such action, sued out a writ of review, and, the proceedings of the county court in the matter of said road having been certified up to the circuit court for said county, a trial was had, resulting in a dismissal of the writ, and plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the name of *Daly & Hayter*, with an oral argument by *Mr. Oscar Hayter*.

For respondent there was a brief over the names of *Samuel L. Hayden*, District Attorney, and *J. H. McNary*, with an oral argument by *Messrs. Chas. L.* and *John H. McNary*.

Mr. Justice Moore, after stating the facts, delivered the opinion of the court.

The question presented by this appeal is whether the county court, having obtained jurisdiction of the subject-matter and of the persons affected by the establishment of the county road, exhausted the measure of its power by the failure of the viewers and surveyor to comply with the statutory requirements in the performance of the duties imposed upon them. If a county court, in establishing a public highway within the limits of its jurisdiction, were a ministerial body, vested with no discretion in the matter, it is quite probable that a failure to conform to the requirements of the law conferring the power would deprive it of authority to amend its proceedings: *Dowell* v. *City of Portland*, 13 Or. 248 (10 Pac. 308); *Ladd* v. *Spencer*, 23 Or. 193 (31 Pac. 474). Such court, however, is vested by legislative authority with a discretion which it may freely exercise, and refuse to establish a county road, unless it is satisfied that such road will be of public utility: Hill's Ann. Laws, § 4065; *Vedder* v. *Marion County*, 28 Or. 77 (36 Pac. 535, 41 Pac. 3). So, too, if a county court is not satisfied that the assessment of damages in favor of landowners is not just or equitable, or that the proposed road is not of sufficient importance to the public to cause the damages so assessed to be paid out of the county treasury, it may refuse to establish the same as a public highway, unless the expense or damage, or some part thereof, as it may consider proper, shall be paid by the petitioners: Hill's Ann. Laws, § 4068; *Roe* v. *Union County*, 19 Or. 315 (24 Pac. 235). These statutory proceedings are sufficient to show that the report of viewers, so far as it relates to the necessity for the establishment of a county road, and the report of appraisers with respect to the amount of damage chargeable to the county,

which they find a claimant would sustain by opening such a highway through his lands, are neither final nor conclusive, but are entitled to a degree of respect analogous to that accorded to the verdict of a jury in a suit in equity : *Crowley* v. *Board of Com'rs*, 14 Mont. 292 (36 Pac. 313) ; *In re East Franklin Tp. Road*, 8 Pa. Co. Ct. R. 590.

The jurisdiction of a county court over the subject-matter and of the persons through whose lands a public highway is sought to be established is secured by the presentation of a petition signed by the requisite number of qualified householders, designating with certainty the beginning, the intermediate points, if any, and the termination of the proposed county road, accompanied by satisfactory proof of notice of such application, signed in like manner, and containing a description of the route similar to that designated in the petition :   Hill's Ann. Laws, §§ 4062, 4063 ;  *Johns* v. *Marion County*, 4 Or. 46 ;  *Ames* v. *Union County*, 17 Or. 600 (22 Pac. 118).   After a county court has thus acquired jurisdiction of the matter of the establishment of a public highway, mere irregularities in the subsequent proceedings will not render them a nullity: *Bewley* v. *Graves*, 17 Or. 274 (20 Pac. 322).   In *Beekman* v. *Jackson County*, 18 Or. 283 (22 Pac. 1074), a proposed road having been viewed and marked out through plaintiff's land, he, considering that the opening of the road would injure his premises, made complaint thereof to the County Court of Jackson County, which appointed appraisers, who reported that his land would be rendered $400 less valuable by the opening of said road.   The county court, however, set aside the report on the ground that the appraisers had not been properly sworn, discharged them, and appointed others.   Objection was made because of such action, but it was considered of not much importance, Mr. Chief Justice THAYER saying :  "The appellant's counsel complains in regard to the action of the

county court in setting aside the report of the first viewers, and appointing others in their place. I think, however, that there were more grounds for complaint against that court in its acting upon the view and report of the second viewers, as it appears that only two of them met and exercised the authority conferred upon the three."

In *State* v. *Horn*, 34 Kan. 556 (9 Pac. 208), VALENTINE, J., in commenting upon the power of a county board to appoint viewers of a proposed public highway, says: "When it appointed the viewers, it, in effect, created another tribunal to view and lay out the road, and its jurisdiction for the time being was exhausted, and its powers and duties then ceased until this other tribunal had exercised its functions, and made a report to the board, or until it should be determined that this other tribunal had refused to act, when the county board would again have jurisdiction to act, and a jurisdiction to act either with reference to this other tribunal's report or with reference to its refusal to act." In *Grimwood* v. *Macke*, 79 Ind. 100, it is held that an improper rejection of the report of viewers appointed by a board of county commissioners in proceedings for the location of a highway does not deprive the board of jurisdiction in the matter. In *Brown* v. *Stewart*, 86 Ind. 377, it is held that objections to the reports of viewers in the matter of a petition for the location and opening of a public highway, furnish no ground for the dismissal of the proceedings. BITTENGER, J., in *Re Road in Manchester Tp.* 15 Pa. Co. Ct. Rep. 623, in speaking of the power of appointment after the viewers' report in the matter of the petition for a public road is set aside, says: "The petitioners had a legal right to file a petition for the appointment of viewers after the original report was set aside, the same as if no previous proceedings had been had." In the case at bar, the County Court of Polk County, having acquired jurisdiction in the manner pre-

scribed by law of the subject-matter and of the persons affected thereby, and being vested with a discretion in the matter, possessed the necessary power to set aside the report of the viewers, and to reappoint them or others to view and survey the proposed road, and, having done so, no error was committed by the circuit court in dismissing the writ of review, and hence it follows that the judgment is affirmed.                                        AFFIRMED.