Argued Oct. 31, decided Nov. 20; rehearing denied Dec. 19, 1911.

## PALMER LUMBER CO. v. WALLOWA COUNTY.

[118 Pac. 1013.]

HIGHWAYS — ESTABLISHMENT — NOTICE OF APPEAL — SERVICE — SUFFICIENCY.

1. Under Section 550, L. O. L., providing that service of notice of appeal may be had on the party or his attorney, a notice of appeal from a decree, dismissing a proceeding to review the action of the county court of a county in establishing a county road, is sufficiently served when served on the county clerk to whom directed, and service on the district attorney is unnecessary.

HIGHWAYS—ESTABLISHMENT—ORDERS—APPEAL.

2. Under Section 6288, L. O. L., providing that, where no petition for damages is filed in proceedings to establish a public road, and the report of the viewers is favorable, the court shall cause the report, service, and plats to be recorded, and from thenceforth the road shall be considered a public highway, an order in highway proceedings, which shows the denial of a petition for damages, but otherwise a compliance with the statute, is final, and constitutes the establishment of the road, and the order is reviewable.

APPEAL AND ERROR—REVIEW—SPECIFICATIONS OF ERROR.

3. A specification of error on writ of review in highway proceedings, that the court erred in holding that the description of the road in the petition therefor and notice was sufficient, was sufficiently specific, and an appeal from a dismissal of the writ will not be dismissed.

HIGHWAYS — STATUTORY PROCEEDINGS FOR ESTABLISHMENT — PETITION — JURISDICTION.

4. Under Section 6279, L. O. L., providing that the application for the laying out of a county road shall be by petition, etc., a petition is jurisdictional, without which the court acquires no jurisdiction.

HIGHWAYS—STATUTORY ESTABLISHMENT—PETITION—SUFFICIENCY.

5. Under Section 6279, L. O. L., providing that the petition for laying out a county road shall specify the place of beginning, intermediate points, if any, and the place of termination, a petition for a road, which gives the starting point and the point of termination, a distance of about four miles on a direct line, but which gives no intermediate points, nor any general direction of the route to be taken, and which states that the road shall follow a prior line of survey, made by a county surveyor in another road petition, the field notes of which are on file in the county clerk's office, is fatally defective, as not indicating to landowners what land will be taken.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a proceeding by the George Palmer Lumber Co. to review the action of the county court of Wallowa

County in laying out and establishing the county road. The petition for the writ raises but one question, namely, the sufficiency of the description of the proposed road, contained in the petition therefor, to confer jurisdiction on the county court. That part of the petition is in the following words:

"Beginning in said road district No. 25, at a point on the Oregon Railroad & Navigation Company's right of way, at Rondowa, in said county and State, 200 feet west and 100 feet south of the northeast corner of the west half of the southwest quarter of section 23, in township 3 north, of range 40 east, W. M.; thence on and along the most practicable route to milepost No. 1, on the county road, known, established, and recorded as the C. W. Brown road, in the southwest quarter of the southwest quarter of section 4, township 3 north, of range 41 east, W. M., in road district No. 18, and there terminating at said milepost; said route to follow as near as practicable the line of survey heretofore made by H. E. Merryman, county surveyor of said county. * * The field notes and plat of which survey were filed in the office of the county clerk of said county on the 29th day of December, 1909, and are hereby referred to for a more practicable description of the route of the county road hereby petitioned for."

The plaintiff herein, who is the holder of large tracts of timber land in the vicinity of the proposed road, appeared in the county court of Wallowa County when such petition came on for hearing, and objected to the jurisdiction of the court to entertain the petition, for the reason that the description of the proposed road contained in the petition and notice is too vague and indefinite to give the county court jurisdiction of the subject-matter, or to give the parties interested therein notice of what lands will be affected thereby. The county court took no notice of this demurrer or objection, and, after the filing of the report of the viewers, it made an order, on July 7, 1910, which, in so far as involved here, is:

"Now on this day this matter came on to be heard on the report of the county road viewers for a second reading as provided by law, and said [order] being in words as follows: [Here follows a copy of the viewers' report.] * * And it appearing to the court that said board of county road viewers report favorably thereon, and recommend that said proposed road be established as a county road, and be declared a public highway * * the findings of said county board of road viewers is hereby affirmed, and this court being satisfied from said report of said county road viewers that said proposed road will be of public utility, said report being favorable thereto, * * it is therefore considered and ordered by this court that said report of the board of county road viewers be and the same is hereby in all things adopted and approved by this court, that the same be placed on record in the journal of this court, and that the surveyor's profile and plat of said proposed road and his field notes of the survey thereof be placed on record."

Upon the review of such order in the circuit court, the writ was dismissed. Plaintiff appeals. REVERSED.

For appellant there was a brief with an oral argument by *Mr. John S. Hodgin.*

For respondent there was a brief over the names of *Mr. Daniel W. Sheahan* and *Mr. Francis S. Ivanhoe,* District Attorney, with an oral argument by *Mr. Sheahan.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Defendant has moved to dismiss the appeal, because the notice of appeal was not served on the District Attorney; that the order sought to be reviewed is not a final order; and that the brief does not contain specifications of errors relied on. The notice of appeal was directed to Wallowa County, and service thereof was accepted by the county clerk. It is settled in this State that the county clerk may accept service for the county in proceedings in which it is interested. *Read* v. *Benton County,* 10 Or. 156. And it is expressly held, in *Butler* v.

*Smith,* 20 Or. 126, 129 (25 Pac. 381), that service of a notice of appeal may be had on the party or his attorney, which is the express provision of the statute. Section 550, L. O. L. Therefore the notice was properly served on the county.

2. The order sought to be reviewed is a final order, under Section 6288, L. O. L., which provides that, if "no petition for damages be filed, * * the report of the viewers being favorable thereto, they [the court] shall cause said reports, survey, profile and plats to be recorded * * and from thenceforth said road shall be considered a public highway." The order shows that the petition for damages was denied. And the order otherwise fully complies with the requirements of that section, and constitutes the establishment of the road, and is therefore reviewable.

3. The error relied upon in this appeal is sufficiently specified in the brief, on page 5, namely: The error of the court in holding that the description of the road in the petition and notice is sufficient, and the motion to dismiss the appeal is denied.

4. The only other question for consideration is as to the sufficiency of the description in the petition and the notice of the line of the proposed road. The statute (Section 6279 ) provides that the application for the laying out of a county road shall be by petition, which "shall specify the place of beginning, the intermediate points, if any, and the place of termination of said road;" and it is held, in *Jones* v. *Polk County,* 36 Or. 539, 542 (60 Pac. 204), and also in *Woodruff* v. *County of Douglas,* 17 Or. 314 (21 Pac. 49), that such a petition is jurisdictional, without which the court acquires no jurisdiction. An important purpose of the petition and notice is to give to persons whose lands are liable to be affected by it the requisite information as to how their property will be affected by the road. The petitioners evidently attempted to follow the holding in *Ames* v. *Union County,* 17 Or. 600 (22 Pac.

118), but have not brought the description within the principle there announced. It is expressly held in that case that the viewers cannot deviate from the line of the road described in the notice, so as to include land for the road not within the description. They must keep within the proposed route of the road, and they are only permitted to deviate from that route sufficiently to avoid obstructions, save expense, or to better accommodate the public, taking into consideration the utility, convenience, expense to the individual and the public, but within the course specified in the notice; and it was further held that the description in the notice was sufficiently specific, and that the location of the road was within the route described, namely, a northwesterly course.

5. In this case, however, no intermediate points are named, nor is the general direction of the route given. From the starting point to the point of termination on a direct line, at a rough estimate, the course is north 25 degrees east—a distance of about 4 miles. If reached by courses due north and due east, it is more than $5\frac{1}{4}$ miles. As located by the viewers, the distance traveled is more than 7.6 miles, the course of which varies to every point of the compass, with 257 angles, and this is not objectionable, under the conditions disclosed; but it makes plain the fact that the petition does not mention the direction or the intermediate points of the road, but is *carte blanche* to the viewers, and they evidently acted upon it as such. If they had located it north and east on right angle lines, or south and east, the two possible lines would be more than a mile and a half apart. Certainly such a petition is not notice to any one as to how a road may touch his land, or that it will touch it at all, and thus might result in the appropriation of the lands of the owner to a public use, without notice to him. The petition need not contain a detailed survey of the line of the road, where that is impracticable. As said in the Ames case, it is not neces-

sary that the petitioners procure a survey, and state in the petition the route with technical accuracy; but it is sufficient if it is described in a practical way. But it should contain some general description of the line of the road with reference to a creek, canyon, hillside, farm, or other designation, if other definite description or course is not practicable, that will indicate to landowners what lands or rights it will affect. The description of the line of the road in the petition is so indefinite as to be a nullity.

The petition states that the route of the road is to follow, as near as practicable, the line of the survey heretofore made by H. E. Merryman, county surveyor of Wallowa County, in the matter of a road petitioned for by John Anthony *et al.,* the field notes and plat of which are filed in the county clerk's office, and referred to for a more particular description of the route, and defendant insists that this reference makes the description in the petition definite. But we are of the opinion that it does not aid the petition. As already stated, the object of the petition is to give the owner of land liable to be affected by the location of the road notice of the proceeding, and the notice must be complete in itself for that purpose. It cannot require every landowner in the vicinity of a proposed road to go to the county seat and search the record, and find whether his land is liable to be affected; and, even if he did so, he could not determine the fact from the surveyor's notes without the aid of one skilled in such descriptions. It is said in Elliott, Roads and Streets (Section 377):

"Where a petition is required, it constitutes the foundation of the proceedings. It must therefore contain such facts as will * * inform the parties interested of the rights and lands affected."

And in *Sime v. Spencer,* 30 Or. 340, 343 (47 Pac. 919, 920), it is said:

"One of the purposes of the statutory requirements of the petition is, no doubt, to place interested parties in the possession of information so distinct and definite as that they might know with reasonable certainty in what manner and to what extent they will be affected by the establishment of the proposed road."

And in Section 380 of Elliott it is said:

"The description of the line and character of the road should, at least, be so accurate and certain as to convey reasonable information to all parties. * * It is obvious that the description should be reasonably definite and certain, since the interested parties are entitled to notice and to information that will at least enable them to locate the line of the proposed way."

In *Woodruff* v. *Douglas County,* 17 Or. 314, 323 (21 Pac. 49), it is said that a county road cannot be laid out, unless the petitioners have in mind the distinct points referred to, and so designate them in their petitions that a person of ordinary intelligence need not mistake their location. The statute requires this to be done by the petition and notice, and they must be sufficient in themselves for that purpose, and reference therein to some other paper for information that the statute says they must contain is insufficient. Therefore the petition and notice were insufficient to give the county court jurisdiction, and defendant's objection thereto should have been sustained.

The decree of the lower court is reversed, and the road proceeding dismissed.                    Reversed.