Argued May 6, decided May 21; rehearing denied July 2, 1912.

## FEAGINS v. WALLOWA COUNTY.

[123 Pac. 902.]

HIGHWAYS—LOCATION—PETITION—"LOCATE AND ESTABLISH"—"LAY OUT."

1.  A petition for a highway was not objectionable, because it prayed that the court "locate and establish" a road, instead of asking to have the road "laid out"; the term "laid out" being colloquial, meaning "to plan in detail," while "to locate" is to define the limits, to establish in a particular place, and, in a road proceeding, is as comprehensive as "lay out"—the term "lay out" expressing the work to be done by the viewers in establishing on the ground the lines and angles of the road.

HIGHWAYS—ESTABLISHMENT—PETITION—DESCRIPTION.

2.  Section 6282, L. O. L., provides that the county road viewers shall locate all county roads on the best and easiest grades obtainable between the beginning and ending points described in the petition for a public highway; the viewers being entitled to deviate from the line described

in the petition, where it will avoid steep grades and will locate the road on better ground, but should follow the directions in the petition as nearly as practicable. *Held,* that the viewers are given discretion to locate the road between the point of beginning and the point of termination; and hence, where a petition definitely described the points of beginning and termination, it was not fatally defective, because the intermediate points were not definitely stated, and were not definitely adhered to by the viewers.

Highways—Establishment—Proceedings—Order—Jurisdiction.
    3. Section 6288, L. O. L., provides that the county court, on receiving the report of viewers in highway proceedings, if no remonstrance or petition for damages are filed, shall cause the report to be recorded, and the road from thenceforth shall be considered a public highway. *Held* that, where a remonstrance is filed or a claim for damages is made, the court cannot make a final order until the claim or remonstrance is disposed of; and, where claimant appealed from the award of damages in such proceedings, the appeal suspended the making of the final order for opening the road without any order of continuance, so that, pending such appeal, the court did not lose jurisdiction to make the final order by the expiration of the term.

Highways—Establishment—Notice—Posting—Proof.
    4. Where an affidavit of the posting of notices in highway proceedings was contained on one sheet and referred to a copy of the notice as annexed thereto, and the next sheet in the record was the notice, the proof was not objectionable, on the ground that the affidavit of posting was indorsed on the petition and did not identify the notice.

Highways—Proceedings—Notice—Posting—Time.
    5. Where an affidavit of the posting of notice of an application to establish a highway alleged that the notices were posted on the 30th day of January, 1910, which was more than 30 days prior to the date on which the petition was to be presented to the court, it sufficiently complied with the requirement that the notices should be posted 30 days before presentation of the petition.

From Wallowa: John W. Knowles, Judge.

This is a writ of review proceeding by Lydia I. Feagins against Wallowa County. There was a judgment in favor of plaintiff and defendant appeals.

Reversed: Writ Dismissed.

For appellant there was a brief with oral arguments by *Mr. Francis S. Ivanhoe,* district attorney, and *Mr. James A. Burleigh.*

For respondent there was a brief over the names of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. Daniel W. Sheahan.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is an appeal from the decision of the circuit court, sustaining a writ of review issued to the county court of Wallowa County.   Defendant county appeals.

1. The first point urged by plaintiff in the review proceedings is that the petition for the road asks that the court "locate and establish" a road; while counsel contends that it should have asked to have the road "laid out."   The term "lay out" is colloquial, and means "to plan in detail"; while "to locate" is to define the limits, to establish in a particular place, and, in a road proceeding, it is just as comprehensive as "lay out."   The term "lay out" well expresses the work to be done by the viewers in establishing upon the ground the lines and angles of the road.   In Section 6282, L. O. L., the word "locate" is used, instead of "lay out", to express the same idea; and the petition is not subject to the criticism offered.

2. It is also objected that the description of the road contained in the petition is insufficient to give the court jurisdiction.   It is described as follows:   Commencing at the southeast corner of the S. W. 1/4 of the N. E. 1/4 of section 20, in township 1 N., range 44 E., W. M.; running thence southerly on the most practical route a distance of about 40 rods; thence in a southwesterly direction on the most practical route a distance of about 36 rods; thence in a general northwesterly direction on the most practical route to the intersection of the public highway, known as the Lostine and Flora county road, at a point on said road 15 rods north and easterly of the northeast corner of the N. W. 1/4 of the S. E. 1/4 of section 24, township 1 N., range 43 E., W. M. The point of beginning is definite namely, a quarter-quarter section corner.   The point of termination is equally as definite, namely, a point in the S. E. 1/4 of the N. E. 1/4 of section 24, in the Lostine and Flora county road, 15 rods north and easterly from the northeast corner of the N. W. 1/4 of the S. E. 1/4 of section

24, which is a definite point. It would be possible to draw a line across the S. E. ¼ of the N. E. ¼ of section 24 upon which there would be two points within 15 rods of the N. E. ¼ corner of the quarter-quarter mentioned, and north and easterly therefrom; but that would not be the case with every line across the tract, and until that dilemma is made to appear the point is definite. Only two intermediate points in the line of the road are mentioned, and they are not definite, but sufficiently so for the purpose of the petition. In 1909 the legislature passed an act, now Section 6282, L. O. L., which reads as follows:

"The county road viewers in the respective counties within the State of Oregon shall locate all county roads upon the best and easiest grades obtainable between the beginning and ending points described in the petition asking for a public highway. They shall have the right to deviate from the proposed line described in said petition at such point or points as will in their judgment enable them to avoid steep grades and to locate the road upon better ground for a road than that described in the petition, but to follow the directions stated in the petition as nearly as practicable."

This gives the viewers some latitude and the right to exercise some discretion in the location of the road, confining them, however, definitely to the point of beginning and the point of termination. This court has recognized and allowed such latitude prior to this statute, notably in *Ames* v. *Union County,* 17 Or. 600, 604 (22 Pac. 118). The statute since 1860 (Section 4785, B. & C., and contained in Section 6284, L. O. L.) also gives to the viewers some discretion in these matters. Therefore it was not fatal to the petition that all the intermediate points of the road were not definitely stated, or were not definitely adhered to by the viewers.

*Woodruff* v. *County of Douglas,* 17 Or. 314 (21 Pac. 49); *Sime* v. *Spencer,* 30 Or. 340 (47 Pac. 919), and

*French Co.* v. *Harney County,* 38 Or. 315 (58 Pac. 36),
cited by plaintiff, only relate to the necessity of making
the terminal points certain.    The intermediate points
named in the petition here are sufficiently definite for
practicable purposes; and the description is clearly within
the law as stated in the Ames case, which has been
approved and cited in many subsequent cases, and also in
*Palmer Lumber Co.* v. *Wallowa County,* 60 Or. 342 (118
Pac. 1013).

3. Plaintiff also contends that the jurisdiction of the
county court terminated with the expiration of the July
term of that court in 1909, for the reason that no order of
continuance was made, and no further order was made
in the proceeding until the January term of the court
1910.    It appears from the record that damages were
allowed by the board of viewers to C. R. Elliott in the sum
of $225, which assessment was approved by the court.
Thereupon Elliott appealed from that assessment to the
circuit court, and from the judgment of that court he
appealed to the Supreme Court.    Section 6288, L. O. L.,
provides that the county court, on receiving the report
of the board of viewers, if no remonstrance or petition
for damages is filed, shall cause the report to be recorded
and from thenceforth the road shall be considered a public
highway.

It will be seen from this section that, if there is a
remonstrance filed, the court cannot make the final order
until the remonstrance is disposed of; and likewise, if
there is a claim for damages, it is also an obstacle in the
way of the final order until the claim is disposed of.
Elliott, having appealed from the award of damages and
also from the judgment in the circuit court, appealed
to the Supreme Court, and further action by the county
court in that regard was suspended.    Therefore the appeal
*ipso facto* suspends the proceeding, so far as it relates
to the final order for the opening of the road without

an order of continuance. However, no final decree or order was rendered by the county court in the road proceeding until November 2, 1910; and it is a final judgment or decree over which the power of the court is lost by the expiration of the term at which the decree is rendered. Black, Judg. § 154; Freeman, Judg. (4 ed.) § 96; *Krause* v. *Oregon Steel Co.*, 50 Or. 90 (91 Pac. 442: 92 Pac. 810). But that is not true of pending matters in a proceeding before judgment. It is not fatal to a pending action that it is not formally continued for the term. It is said in *Klein* v. *Southern Pac. Co.* (C. C.) 140 Fed. 213, 214, that "the court [appellant] could well say that the fact that the motion was not disposed of at the October term caused it to go over as finished business to the November term." The court did not lose jurisdiction, therefore, upon the adjournment of the July term.

4. Plaintiff questions the sufficiency of the proof of posting notices, and suggests that the affidavit of posting is indorsed on the petition, and does not identify the notice; but such contention is not supported by the record. The affidavit is contained on one sheet, and refers to a copy of the notice as annexed thereto, and the next sheet in the record is the notice.

5. He also urges that the affidavit does not show that the notice remained posted 30 days. It states that the notices were posted on the 30th day of January, 1910, which was more than 30 days prior to the date on which the petition was to be presented to the court, and complies with the directions of the statute, namely, that they shall be posted "thirty days previous to the presentation of said petition."

We have examined the other assignments in the petition for the writ, and find no error in the ruling of the county court. The decree of the circuit court is reversed, and the writ of review dismissed and the cause remanded.

REVERSED: WRIT DISMISSED.